272 So.2d 623

Jerry Lynn CORNELIUS, alias

v.

STATE.

3 Div. 170.

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Craig Miller, Montgomery, for appellant.

**418**

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

From a conviction of robbery in the Circuit Court of Montgomery County this appeal is prosecuted. A jury fixed punishment at ten (10) years in the penitentiary.

Appellant had a court-appointed lawyer to represent him in the trial below who was also appointed to represent him on appeal. Before the appeal was perfected his trial counsel, Honorable William P. Haney, Jr., made known to the court that he would soon assume the duties of an Assistant District Attorney for Montgomery County and moved the court to appoint another lawyer to handle the case on appeal. The court appointed Honorable Craig Miller to represent appellant on appeal and he filed briefs.

In the early morning hours of August 5, 1971, the night attendant at the Shell Service Station located at the intersection of Fairview and Cleveland Avenues was robbed by two men. According to the testimony of the attendant, these two men came inside the station and asked him for some change so they could use the toll phone. He made the change and the men went outside toward the phone booth. In a few minutes the men returned and asked for more change. The attendant opened the cash register to give them more change and at this time one of the men sprayed Mace in the attendant's face. Appellant then grabbed the money from the cash register and the other robber stuck something in the attendant's back and told him to walk to the back of the building and that if he tried anything they would kill him. The robbers left and the attendant went to the telephone and called the police. He gave the police a description of the men saying "they both had on sandals; mustaches, and one had on a light blue work suit" and the other one "had on a brown shirt."

The officers immediately responded to the call and the suspects were stopped on the ramp leading up to Interstate 65, a short distance from the service station. While the officers were interviewing the suspects they received a radio dispatch giving a more detailed description of the robbers and how they were dressed. One was wearing a blue shirt and blue pants and had a mustache, and the other suspect was wearing a brown shirt and brown pants and had long hair. The officers carried both suspects to the service station where they were identified by the victim of the robbery. The officers shook down the suspects and recovered the money—$62.08. At trial it was shown that appellant was the one dressed in blue. The attendant made an "in-court identification", pointing out that appellant was one of the robbers.

Appellant testified and denied that he participated in this alleged robbery and denied that he had ever been to this service station before the officers carried him there. He stated that they came from Charlotte, North Carolina, and were going to get on I–65 enroute to Mobile.

Appellant filed a motion for a new trial raising prejudicial error in the action of the trial court in overruling the motion to exclude the eye-witness identification by the victim of the robbery. The contention

is made here, in brief, that it was a denial of due process to singly show the defendant (appellant) to the victim of the crime charged without a pretrial lineup. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267.

We disagree and affirm the judgment of conviction.

It is now settled law that prompt on-the-scene confrontation is "consistent with good police work", and does not offend the principles established in the cases relied upon by appellant.

In Bates v. United States, 132 U.S.App. D.C. 36, 405 F.2d 1104, Judge Burger, now Chief Justice of the Supreme Court of the United States, writing for the court said:

"There is no prohibition against a viewing of the suspect alone in what is called a 'one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy."

In *Bates,* Judge Burger further wrote:

"Our review of the circumstances surrounding the apprehension of Appellant and the police conduct which led to his identification satisfies us that the claim that Appellant was denied due process of law is without merit; there was no 'substantial likelihood of irreparable misidentification.' To the contrary, the police action in returning the suspect to the vicinity of the crime for immediate identification in circumstances such as these fosters the desirable objectives of fresh, accurate identification which in some instances may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh. * * *"

The confrontation in this case occurred less than thirty (30) minutes after the robbery.

In United States ex rel. Cummings v. Zelker, 455 F.2d 714, the Court of Appeals for the Second Circuit said:

"The confrontation in this case was a reasonable one. When the two suspects were brought to Mrs. Camardella's house, only 30 minutes had elapsed since she reported the crime. It must have been obvious to the witness that the suspects were apprehended solely on the basis of the descriptions given by her to the police. Thus this prompt confrontation was desirable because it served to insure 'the immediate release of an innocent suspect and at the same time [to] enable the police to resume the search for the fleeing culprit while the trail is fresh.' Bates v. United States, 132 U.S. App.D.C. 36, 405 F.2d 1104, 1106 (1968). We view the instant situation as one in which prudent police work necessitated the on-the-spot identification in order to resolve any possible doubts the police may have had when they first took the petitioner into custody."

See also United States v. Sanchez, 2 Cir., 422 F.2d 1198.

Mr. Justice Douglas, although dissenting to the affirmance of a state court conviction in Biggers v. Tennessee, supra, readily conceded:

"Of course, due process is not always violated when the police fail to assemble a lineup but conduct a one-man showup."

We hold that the identification procedure in the patrol car was not such as to create a likelihood of irreparable mis-identification.

This cause is due to be affirmed.

Affirmed.

All the Judges concur.