317 So.2d 513

**Robert P. EDWARDS, alias**

v.

**STATE.**

**5 Div. 216.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

Jack Floyd, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and John M. Gruenewald, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Burglary; first degree; ten years.

Prior to trial Robert P. Edwards petitioned the trial court to be treated as a youthful offender, and the petition was denied. On October 1, 1974, this court remanded the cause to the Lee County Circuit Court for compliance with Title 15, Section 266(1), Code of Alabama 1940; *Morgan v. State,* 291 Ala. 764, 287 So.2d 914. Testimony was presented at the hearing on October 16, 1974, and the trial court decreed that appellant should not be treated as a youthful offender.

Before return to remand was submitted to this court, certiorari was granted by the Supreme Court of Alabama, to review our order of remandment with directions. This court's decision was subsequently affirmed *Edwards v. State,* 294 Ala. 358, 317 So.2d 512, 1975.

The proceedings on remandment have been reviewed and are in accordance with the statute. We now turn to the evidence presented at trial.

Brenda Ann Guillette, while acting as secretary for the Royal Park Estates in Opelika, Alabama, lived there in a mobile home with her three-year old son. On July 20, 1973, she had gone to bed attired in a "long, shirt-tailed shirt" and after falling asleep was awakened by a pair of hands around her throat. She screamed, grabbed the man's hands and tried to get away. The man tried to cover her mouth to prevent her screaming and in the struggle she scratched his arms. As he turned and ran toward the door, followed by Mrs. Guillette screaming, he momentarily stopped, trying to get the door open. At that time, she noticed the man's build and his long blond hair. Armed with a "38 pistol" she pursued him as he ran around the front of her mobile home and veered off behind another trailer, disappearing in the dark.

She returned to her trailer, picked up her son and ran to the manager's office some 100 feet away. While the manager called the police, she stood outside near the window of his trailer and watched the entrance of the trailer park. Except for the police who arrived about 12:15 A.M., no one left or entered the park.

During the struggle she sustained a cut over her left eye. There was also a handprint visible on her throat. In describing her assailant she explained, "I can't make a positive identification from the front, but if I ever see the guy again from the back, I'll know him when I see him." Returning to her trailer, they observed marks on the door where it had been forced open and found some clods of dirt in her bed. Mrs. Guillette told the police she thought her attacker was a male tenant at the trailer park because of his sudden disappearance.

At the request of one of the investigating officers, she pulled the files of all the male residents and during the next two days, observed each occupant.

On Monday, following the incident, she asked Jimmy Bearden, appellant's roommate, to have Robert Edwards come to the office and fill out an application. Appellant and his roommate came to the office while she was alone. At that time she noticed Edward's build, his blond hair and scratch marks on both his arms from the elbows down. Being a licensed cosmotologist, she recognized the razor marks on his neck indicated a recent haircut. After the two left, she called and informed Detective Davis that she was quite sure appellant was the man. During the trial she made an in-court identification of Edwards.

Detective Abbett investigated the alleged burglary about 12:36 A.M., and immediately talked to Mrs. Guillette. As she was describing her assailant he noticed she was

bleeding from a head wound. On examining the door of the mobile home they found it had been broken into with a tool similar to a screwdriver. In searching the immediate vicinity around the trailer, he observed footprints but could not follow them because of the darkness.

On Tuesday, July 24, 1973, appellant was picked up and advised of his constitutional rights by Sergeant Dan Davis who accompanied Detective Abbett. After their arrival at the police station and before appellant made a statement, Sergeant Davis again advised him of his rights.

At the conclusion of a voir dire hearing out of the presence of the jury, the court held appellant's admission of the burglary and assault was voluntarily made and admissible.

James Bearden, appellant's roommate during the alleged burglary, testified that on the night in question he and appellant ate supper and then went to "Peeps" in Auburn. About 12:30 A.M., they returned to their trailer and were visited by "Pete", a friend of appellant. Pete was accompanied by one of his friends and the four sat around and drank a couple of beers. After Pete and his friend left, Bearden and appellant went to bed between 1:15 and 1:30 A.M.

Appellant took the stand and proclaimed that the statement was induced by a promise from Detective Abbett that if the appellant signed the statement he would be released from jail. Further, appellant denied breaking into Mrs. Guillette's trailer and explained he sustained the scratches on one arm from a tree limb while he was clearing land.

At the time of original submission, appellant assigned two instances of error. One concerned the trial court's failure to submit for investigation appellant's request to be considered a youthful offender. The second alleged the trial court erred in allowing evidence of the out-of-court identification. Counsel argues that the confrontation conducted by Mrs. Guillette was so suggestive and conducive to irreparable mistaken identity that appellant was denied due process.

We are not persuaded that the doctrines announced in *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 and *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, are applicable to the non-police connected circumstances involved here. The procedure conducted by Mrs. Guillette as revealed by this record, was logical, and within the rights of a private citizen in responding to an offense committed against her.

The cases, supra, urged upon us in support of the appellant's contention were concerned with confrontations arranged by law enforcement officers for persons in custody after arrest. If it be true that it is constitutionally permissible for police officers to confront victims with suspects at the scene of the crime, *Russell v. U. S.,* 133 U.S.App.D.C. 77, 408 F.2d 1280; *United States v. Abshire,* 5th Cir., 471 F.2d 116; *Cornelius v. State,* 49 Ala.App. 417, 272 So. 2d 623, then it follows that a victim has the right to confront suspects before deciding that he has the right person.

It is our judgment that nothing concerning the events surrounding Mrs. Guillette's confrontation with Robert Edwards at the trailer park office was constitutionally impermissible. *U.S. v. Venere,* 5th Cir., 416 F.2d 144.

Appellant's motion to exclude the State's evidence was properly denied. *Young v. State,* 283 Ala. 676, 220 So.2d 843.

Our search of the record does not reveal any error.

Affirmed.

All the Judges concur.