TYSON, Presiding Judge.
The indictment charged the appellant, Gary Ernell Denson, with the robbery of Pauline Mildred Moore by taking $85.00 in currency from her person. The jury found the appellant “guilty as charged” and fixed punishment at ten years imprisonment. The trial court then entered judgment in accordance with this verdict.
Pauline Mildred Moore testified that on April 19, 1975, around 4:00 p.m., a young black male wearing blue jean pants and a blue jean cap came in the cleaners where she was employed. According to Moore, *1140 the young male pulled a gun and demanded all the money in the cash register. After the young male left with some $85.00 from the cash register, Moore telephone the police. Within thirty to forty-five minutes after Moore notified the police, two officers came to the cleaners with the appellant in custody. Moore identified the appellant as the robber.
Officer Daniel R. Teem testified that on April 19,1975, while working as an observer in the police helicopter, he saw a black male running down an alley in close proximity to where the robbery occurred. Teem kept the suspect under surveillance until Officer Watkins arrived in a patrol car and placed the appellant under arrest.
The appellant called seven witnesses, all of whom testified that they either saw the appellant or had talked with him over the telephone between noon and 4:00 p.m. the day of the robbery.
I
Appellant contends that the trial court erred in not allowing appellant to present testimony outside the presence of the jury to determine if an in-court identification was tainted by pretrial procedures.
When an identification procedure is “so unnecessarily suggestive and conducive to irreparable mistaken identification” it may deny the accused due process of law. Stovall v. Denno, 388 U.S. 293, at 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199. In this case the appellant was identified by Moore in a one-man showup within forty-five minutes after the criminal act. In Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104, Judge Burger, now Chief Justice of the Supreme Court of the United States, stated:
“There is no prohibition against a viewing of a suspect alone in what is called a ‘one-man showup’ when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy. The rationale underlying this is in some respects not unlike that which the law relies on to make an exception to the hearsay rule, allowing spontaneous utterances a standing which they would not be given if uttered at a later point in time. An early identification is not error. Of course, proof of infirmities and subjective factors, such as hysteria of a witness, can be explored on cross-examination and in argument. Prudent police work would confine these on-the-spot identifications to situations in which possible doubts as to identification needed to be resolved promptly; absent such need the conventional line-up viewing is the appropriate procedure.”
In United States ex rel. Cummings v. Zelker, 2 Cir., 455 F.2d 714, the Court of Appeals for the Second Circuit stated:
“The crime was committed in broad daylight, and Mrs. Camardella testified she was able to get a good look at the petitioner’s face. The identification procedures took place within an hour after the crime, and thus it can fairly be assumed that her recollection was fresh. United States ex rel. Anderson v. Mancusi, 413 F.2d 1012, 1013 (2 Cir. 1969). ...”
The record discloses that Moore’s identification of appellant was based on her observations of appellant during the robbery (R. pp. 10, 11) which took place in broad daylight, inside a well lighted business establishment. The subsequent one-man showup within forty-five minutes of the criminal act indicates good police work. Rhodes v. State, 50 Ala.App. 661, 282 So.2d 100; Cole v. State, 52 Ala.App. 447, 293 So.2d 871; Taylor v. State, 55 Ala.App. 184, 314 So.2d 104. Claim of denial of due process is without merit. Cornelius v. State, 49 Ala.App. 417, 272 So.2d 623; Cole v. State, supra.
II
Appellant contends that the trial court made prejudicial remarks about the appellant and that subsequent curative instructions were inadequate.
During the trial the following occurred (R. p. 59):
*1141 “THE COURT: Sustained. I think he is. I don’t understand the time you saw the hat in the presence of Sgt. Cousins or around him. Is that the date of the robbery or the next day?
“A. No, sir, it was the next day, on Sunday.
“MR. PARKER: I would at this time ask for a mistrial because Your Honor had said that this was a robbery and that is the ultimate question to be decided.
“THE COURT: Well, overruled.
“MR. PARKER: We except.
“Q. So that I can understand, was there a date in the hat?
“A. I don’t know.
“THE COURT: Needless to say I will just say this. The fact that I called this a robbery that this lady has testified to doesn’t in anywise indicate that the — that this defendant was involved from this Court’s point of view. That is what we are trying. It should not be and I assume that the jury would not take it as any indication that I am indicating that the defendant was there or not there or guilty or not guilty.”
The record discloses that the trial judge in an emphatic manner told the jury that the fact that he had referred to this as a robbery in no way indicated that the appellant was involved. In Shadle v. State, 280 Ala. 379, 194 So.2d 538, the Alabama Supreme Court stated:
“ . . . [I]t is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury’s ability to decide the defendant’s fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion. . . . ”
Here, the trial judge took the necessary steps to remove any possible prejudicial effect his statement may have had. Thus, no error is shown. Adair v. State, 51 Ala.App. 651, 288 So.2d 187; Retowsky v. State (Ala.Cr.App.), 333 So.2d 193; Napier v. State (Ala.Cr.App.), 337 So.2d 62.
III
Appellant contends the trial court erred in not allowing testimony of an unexpressed mental operation.
During cross-examination of Moore, the following occurred (R. p. 81):
“Q. (BY MR. PARKER) Mrs. Moore, now you have said previously that you changed your testimony about the hair on the chin. Why have you changed your testimony about that?
“MR. HUFFSTUTLER: I object to the form of the question.
“THE COURT: Sustained.
“MR. PARKER: Under the Stark case, I am saying she could answer this.
“THE COURT: I am not sure— Stark — I don’t think that covers this situation. I don’t think that case and the criminal case which follows it covers this situation. I am going to sustain the objection to it.
“MR. PARKER: All right. We except.”
In Starr v. Starr, 293 Ala. 204, 301 So.2d 78 (1974), upon which appellant relies, the Supreme Court of Alabama said (at page 210, 301 So.2d at page 83):
“ . . .We now hold that a witness, on direct examination, may testify as to his intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case. This is another area where the sound discretion of the trial judge will come into play. Thus we will not review the court’s ruling in either admitting or excluding such evidence in the absence of abuse. . . . ” [Emphasis supplied]
The record discloses that the appellant was allowed to go into Moore’s identification of appellant in detail. In light of appellant’s thorough cross-examination of Moore, we find no abuse in the trial court’s ruling on this matter.
We have carefully examined the record, as required by law, and find the same to be free from error. The judgment of the trial court is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result only.