Appellant was convicted of robbery and the court sentenced him to 60 years in the penitentiary. He was represented throughout the trial proceedings by court-appointed counsel and at arraignment pleaded not guilty. After sentence was imposed he gave notice of appeal and was determined to be indigent. He was furnished a free transcript and trial counsel was appointed to represent him on this appeal. However a motion for a new trial was filed by new counsel who has filed a brief on appeal.
The evidence presented by the state shows a clear-cut case of robbery. Appellant did not testify and offered no evidence to contradict the state's evidence. It took the jury only eight minutes to return a verdict of guilty.
On the night of December 6, 1978, Ms. Lilie Tyson was the cashier at the Sunshine Junior Food Store located at 214 on Highway 231 South in Dothan, Houston County, Alabama. Her employment shift was from 3 o'clock in the afternoon until midnight. Around 9:00 p.m. a black male entered the store and asked for a TV Guide. Ms. Tyson showed him the section containing the TV Guides and he picked up one and returned to the cashier counter and paid for it. In the process of getting the money from his pocket he dropped a large pocketknife on the floor. Ms. Tyson was alone in the store at the time. After picking up the knife he turned to Ms. Tyson and demanded all the money. Ms. Tyson was fearful for her life or serious bodily injury and she opened the cash register. The robber put his hand in the drawer and removed all the money, which was approximately $152.00. He asked if that was all the money and she said yes. The bandit then told Ms. Tyson repeatedly that she was going with him or he would kill her. She told him she was not going, that he had the money and to leave the store. Several times he threatened to kill her if she did not go with him. Finally, she went out the store with him and he tried to force her to get in his truck and when she refused he again threatened to kill her. Fortunately, for Mrs. Tyson, a car drove to the store at this time and a woman entered the store and Ms. Tyson ran into the store behind her, followed by the robber.
The woman customer went to the section where eggs were displayed and got a dozen eggs in a carton and returned to the cash register. She gave Ms. Tyson a ten dollar bill and she told the woman she could not change the ten dollar bill. The robber was standing at the check-out counter with the TV Guide in his hand. The woman returned the eggs to the cooler and left the store. Ms. Tyson stated she was afraid to tell the woman that she had just been robbed. After the woman left the store the bandit said, "I'll kill you because you done told and I'll kill you." Ms. Tyson said, "I have told nothing." The robber kept threatening to kill Ms. Tyson and at this time a man and woman drove to the store. When the robber saw them he fled from the store and Ms. Tyson called the Police Department and reported the robbery. She gave the officers a description of the robber as being about five feet, five inches tall and weighing about 145 to 150 pounds; that he was wearing light plaid pants, a gray shirt that appeared to have light or beige paint *Page 1293 
on it, and a jean jacket. She also told the officers that when she was forced to go out of the store, she saw the robber's pickup truck and it was either black or blue.
Within minutes after the robbery the officers apprehended the bandit and returned him to the store and Ms. Tyson positively identified him as the robber. She never wavered in her identification of appellant as the man who robbed her on the night of December 6, 1978, and she made a positive in-court identification of appellant as the robber.
Talmadge Baker testified that he was employed as district manager of Sunshine Junior Store, Incorporated in Dothan, Alabama. Mr. Baker verified the date of the robbery in question and the amount of money taken.
Officer Fred Williams with the Dothan Police Department testified that, on the night of December 6, 1978, he received a police radio dispatch describing a dark pickup truck as the vehicle allegedly involved in the robbery in question. Shortly thereafter, Officer Williams received a description of the suspect and his clothing. When Officer Williams attempted to relate the description he received, defense counsel objected on the ground that the question called for inadmissible hearsay. The state responded stating that the question did not seek to prove the truth of the matter asserted, only that Officer Williams received this information. The trial judge overruled the objection.
Officer Williams stated that he stopped the appellant, took him into custody and returned him to the store which had been robbed. Officer Williams saw, from his position outside the truck when he took appellant into custody, a television programming magazine lying on the front seat of the appellant's truck. Officer Williams identified state's exhibit one as being a television programming magazine identical to the one he observed in appellant's truck. Just before entering the store where Ms. Tyson worked, Officer Williams informed appellant of his constitutional rights as required under Miranda.
Sergeant Larry Lynn, with the criminal investigation division of the Dothan Police Department, testified that he first saw appellant when he was stopped by Officer Williams on a road not far from the store which had been robbed earlier that night. Sergeant Lynn stated that he saw a television programming magazine lying on the front seat of appellant's truck.
Sergeant Lynn confirmed that appellant was informed of hisMiranda rights prior to entering the store where Ms. Tyson worked. Sergeant Lynn stated that no coercion, force, threat or inducement of any nature was made or given in order to obtain a statement from appellant. Sergeant Lynn stated that appellant made a statement to Sergeant Charles Williams at that time.
Sergeant Lynn stated that, as soon as Ms. Tyson identified appellant as the robber, appellant was arrested for the robbery of Sunshine Junior Food Store. Subsequently, Sergeant Lynn went back to the location where appellant's truck was located and seized the television programming magazine he had seen earlier. Sergeant Lynn established that the magazine marked state's exhibit one had been in his exclusive custody and control since its initial seizure and that it was in substantially the same condition as it was when he seized it. The state moved for admission of state's exhibit one, to which defense objected requesting voir dire examination of the witness. On voir dire, the witness stated that, when he seized the magazine, he did not have a search warrant, that appellant was under arrest and that the appellant had been searched. Officer Fred Williams found a knife when he searched the appellant.
Detective Sergeant Charles Williams, with the Dothan Police Department, stated that the appellant was informed of hisMiranda rights prior to entering the store where Ms. Tyson subsequently identified him as the robber. Sergeant Williams stated that no coercion, force, threat, or inducement of any nature was made or given in order to obtain a statement from appellant. Sergeant Williams stated that, when asked where the money from the robbery could be *Page 1294 
found, the appellant replied that it was under the floor mat in his truck. Subsequently, Sergeant Williams found $145.00 where appellant said it would be.
The state rested its case. The court, outside the presence of the jury, heard argument on defense counsel's motion to exclude, following which the motion was overruled.
The sole witness for the defense was Officer Fred Williams. Officer Williams explained that he stopped the appellant, released him, and then stopped him again in the span of a few minutes on the night in question. The reason was that between the first and second stops of the appellant a more complete description was obtained. Following Officer Williams' testimony, the defense rested. The trial court delivered its oral charge and then the jury retired to consider its verdict.
Appellant argues reversible error in the admission of the television programming magazine. Appellant asserts this evidence was illegally seized since the officer did not have a search warrant. It is our view that the facts and circumstances surrounding the seizure of the magazine allow for precise application of the plain view doctrine first enunciated inCoolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022,29 L.Ed.2d 564 (1971). In that case, Mr. Justice Stewart stated:
 "What the `plain view' cases have in common is that the police officer in each of them had [1] a prior justification for an intrusion in the course of which he came [2] inadvertently across a piece of evidence [3] incriminating the accused. The doctrine serves to supplement the prior justification . . . and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only when it is immediately apparent to the police that they have evidence before them. . . . Coolidge, supra, at 466, 91 S.Ct. 2038. (Numbers supplied)"
In the instant case, Officer Williams' prior justification for an intrusion into appellant's truck was his statutory authority to arrest the appellant without a warrant. § 15-10-3, Code of Alabama 1975. While he was taking appellant into custody, he inadvertently saw the television programming magazine lying on the front seat. Upon returning to the truck after Ms. Tyson identified appellant as the robber who had purchased a magazine identical to the one in appellant's truck, the police seized the magazine knowing that it was incriminating evidence. The seizure of the television programming magazine was proper. There was no error in allowing it into evidence at trial.
Appellant argues that the trial judge erred to reversal in overruling his objection to Officer Williams' attempt to relate the description of appellant's clothing which he received over the police radio. We find no merit in appellant's assertion. Clearly, the fact that Officer Williams received a description of appellant's clothing, which description matched the clothing worn by appellant when he was stopped, was admissible in establishing that Officer Williams had probable cause to arrest the appellant. Thus, the proffered evidence was not hearsay since it was not offered to prove the truth of the matter asserted. See Gamble, McElroy's Alabama Evidence, § 242.01 (1) (3rd Ed. 1977). The trial judge's ruling was proper.
It is now settled law that prompt on-the-scene confrontation is "consistent with good police work" and is not a denial of due process to singly show the defendant to the victim of the crime charged without a pretrial lineup. Cornelius v. State,49 Ala. App. 417, 272 So.2d 623.
In Baker v. State, Ala.Cr.App., 344 So.2d 547, 549 this court said:
 "In robbery, the force or intimidation employed is the gist of the offense. The manner of the taking is in the alternative; if force or violence is used, fear is not an essential ingredient. Conversely, if fear is used, there need be no violence."
We have carefully examined the record for errors injuriously affecting the substantial rights of the appellant and have found none. *Page 1295 
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.