A jury found appellant guilty of rape in the first degree by allegedly engaging "in sexual intercourse with Jo Anna Nelson, by forcible compulsion in violation of 13A-6-61 of the Code of Alabama, 1975," effective January 1, 1980. Acts 1979, No. 79-125, p. 230. By Section 13A-6-61 (b) rape in the first degree is a Class A felony, which by Section 13A-5-6 (a)(1) is punishable by imprisonment "for life or not more than 99 years or less than 10 years." Appellant was sentenced to imprisonment for 25 years.
The particular crime can be committed only by a male with a female, as expressly provided by § 13A-6-61 (a)(1). No point is made as to the failure of the indictment to allege that the accused is a male and the alleged victim a female, but the names so indicate and the undisputed evidence is to that effect. *Page 490 
The alleged victim testified that on January 22, 1980, she was raped by an intruder in her home, whom she identified as the defendant. She said that thereafter when her brother knocked on the front door, the defendant fled, that upon letting her brother in the house she ran next door and called the police. According to her testimony, the police soon arrived; she gave a description of the rapist to them, and one of the officers soon thereafter brought the defendant to her home where she identified him as the rapist. This was confirmed by testimony of the officers.
Defendant did not testify, but his brother and his wife testified in his behalf. The brother testified to the effect that he was with the defendant at another place at the time of the alleged rape; his wife testified to the effect that a stain that was found on his trousers after his arrest, which seemed to the parties to have some incriminating value, was on defendant's trousers the morning before.
The evidence as a whole convinces us that a jury issue as to defendant's guilt was presented. There is no contention to the contrary.
The following is the first and most accentuated issue presented by appellant:
 "A pre-trial identification of appellant was conducted in a manner which was so unnecessarily suggestive, prejudicial and biased under the circumstances as to render such identification inadmissible."
The pretrial identification was made a short while after the rape and a still shorter time after the officers arrived at the victim's home in response to her call; one of them remained with her and the other answered a then contemporaneous call as to a burglary or attempted burglary that was still in progress in the neighborhood. In doing so, according to such officer's testimony, when he arrived at the scene of the latter call, he apprehended, placed in custody and arrested appellant; he handcuffed him and placed him on the back seat of the police car he was driving and returned to the home of the victim. His testimony during the interrogation by State's counsel continued:
 "Q. (By Mr. Short): Now, I have previously asked you before we recessed, you testified that you brought Richard King back to the residence of Joanna Nelson. You got him out of the car.
 "Did Ms. Nelson point Richard King out and identify him in your presence?
"A. She stated that was him.
 "Q. And he was arrested in this clothing at that time?
"A. Yes, sir."
It is difficult for us to determine from the transcript whether defendant sufficiently raised on the trial any question as to the admissibility of the pretrial identification by the victim of appellant as shown above, but whether so or not we find that the evidence was properly admitted. Notwithstanding the many futile efforts to show the contrary, it has been true for many years and is still true, as Judge Harris, now Presiding Judge, said in Cornelius v. State, 49 Ala. App. 417,272 So.2d 623 (1973) and again in Crews v. State, Ala.Cr.App.,375 So.2d 1291 (1979), that it is "settled law that prompt on-the-scene confrontation is `consistent with good police work'" and that it is not a denial of due process to show the defendant to the victim of the crime charged without pretrial lineup. Many Alabama cases support the conclusion that where an issue is made as to the truthfulness or reliability of an in-court identification, as in the instant case, it is proper to admit evidence of an identification of the defendant by the victim at the scene of the crime soon thereafter or soon after the defendant's apprehension, when there is no impermissible suggestiveness, which was obviously absent in the instant case. 5B Ala.Dig., Criminal Law, Key No. 339.8 (1)(2)(5) and (6). See also, Anno.: 39 A.L.R.3rd: Admissibility of Evidence of ShowupIdentification as Affected by Allegedly Suggestive ShowupProcedures, 791 et seq., especially § 12, Immediately AfterCommission of Crime, 804-806.
Appellant also urges that the pretrial identification was so "unnecessarily and impermissibly *Page 491 
suggestive as to deny appellant due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States" as to taint and make inadmissible the in-court identification by the victim as a witness. As we have held that the evidence shows that the showup was not impermissibly suggestive or otherwise improper, it follows that the in-court identification was admissible in evidence. In making the insistence now considered, appellant now adds as a ground that the victim was distraught at the time of the showup. This is a circumstance to be considered, but it is not enough to outweigh the other circumstances in favor of the admissibility of the in-court identification, especially in the circumstance of a positive identification by the victim, the absence of any motive on her part to accuse the particular defendant, her corroborated testimony as to his clothing and description and an adequate opportunity to observe him so that she could identify him thereafter. Appellant's second contention is without merit.
Appellant's fourth contention is that the evidence of the pretrial identification of the defendant by the accused was not admissible by reason of the fact that no counsel of accused was present at the time. The exact status of defendant at that time, whether he had been handcuffed and placed in the automobile by reason of the alleged burglary at the house where he was apprehended or as a potential suspect in the alleged rape, may be subject to question, but the evidence shows that the officer transporting him explained to him his constitutional rights, that he went with the officer without any protest whatever and was not charged with the rape until after he had been taken to the jail.
 "Appellant contends that his constitutional rights were violated when he was placed in a lineup in the absence of his counsel. He relies on Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. Gilbert involved a post-indictment lineup and reliance on it in this case is misplaced. The lineup in the instant case was a pre-indictment lineup. There is no constitutional right to counsel at a pre-indictment lineup.
 "Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Deloach v. State, Ala.Cr.App., 356 So.2d 222. Ala.Dig.Crim.Law, 641.2."
 Sparks v. State, Ala.Cr.App., 376 So.2d 834, 841. (1979).
By the last issue presented by appellant, he says that the in-court identification was tainted by an "impermissibly suggestive showup identification," which we have previously considered herein and reached a conclusion adverse to appellant.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur. *Page 971