HARRIS, Judge.
Robert James Early was indicted for and convicted of first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to life imprisonment in the state penitentiary.
The crux of this appeal concerns the sufficiency of the state’s evidence. After viewing the evidence in a light most favorable to the state, we find that there was sufficient evidence to support his conviction of first degree robbery.
Mrs. Martha Ann Humphries testified that she was employed at Discount Unlimited on Fourth Avenue in Bessemer, Alabama, on February 5,1982. She stated that on this day a black male came into the store around 4:45 p.m., shopped for a few minutes, and then grabbed her by the arm, demanding money. Mrs. Humphries stated that she gave him the store money which was to have been deposited at the bank. She was told by the robber to go to the back of the store. Upon her refusal to do so, the robber threatened to “stick” her with a knife which he had in his possession. Immediately thereafter, the robber stabbed Mrs. Humphries and ran from the store. At trial, Mrs. Humphries identified State’s Exhibit # 2 as the knife with which she was stabbed. She stated that $116.45 was taken from the store.
Mrs. Humphries testified that her assailant was wearing a black shirt and tan jacket at the time of the robbery. She also stated that all the lights in the store were on and that she had the opportunity to observe her assailant for five to eight minutes. Mrs. Humphries identified the appel *229 lant at trial as the man who stabbed her and fled with the money. She also made a pretrial identification of the robber less than thirty minutes after the robbery occurred. See Cornelius v. State, 49 Ala.App. 417, 272 So.2d 623.
Brent Wilson, nine years old, testified that he was across the street from Discount Unlimited at the time of the robbery. He stated that he and his brother, Chris, saw a black man “lunging at Mrs. Humphries.” He stated that he saw this same man run from the store and that he was wearing a tannish jacket, dark jeans and white tennis shoes. Brent stated that, when his father, who was nearby, saw and heard what was happening, his father chased the assailant around the corner of Discount Unlimited. Within a few minutes, Brent stated, his father returned with a black male who was wearing clothing similar to that worn by the person he had observed a few minutes before. He identified the defendant at trial as this person.
On cross-examination, Brent stated that his view of Discount Unlimited was partially obstructed by foliage on the fence through which he observed the robbery. He also stated that he was some sixty feet from Discount Unlimited. j
Chris Wilson, fourteen years old, testified that he also was there on the day in question and observed many of the same things his brother, Brent, had observed. He too identified the man that his father brought back to the store as the same one who had run from the store after lunging at Mrs. Humphries. Chris further testified that, at the time of the robbery, the sun had already set, but that there was still “plenty of light.” He further stated that there was nothing obstructing his view.
Mr. B.R. Wilson, the father of Brent and Chris Wilson, testified that, on the day in question, he saw a black male running to a vacant lot at the side of Discount Unlimited. He stated he saw the fleeing man at or near the time he saw Mrs. Humphries, with blood on her, come out of the store building screaming and yelling. Mr. Wilson chased this man down and found him about two and one-half blocks away in some bushes near an alley. This man was wearing a beige jacket and tennis shoes. Mr. Wilson identified the defendant at trial as the man he chased down and returned to the store. Mr. Wilson further testified that, after the police arrived on the scene, he went back to the location where he found the defendant. On his return, he found the money bag that had been taken in the robbery.
Detective Clifton Vassar of the Bessemer Police Department testified that he arrived on the scene after the appellant, Robert James Early, had been apprehended. Upon his arrival, Officer Vassar stated, he performed a search of appellant and found the sum of $116 and some few cents on his person. He further stated that he found a pocket knife on the person of appellant. Officer Vassar identified the appellant at trial as the same man he searched on February 5, 1982.
Appellant testified in his own behalf and admitted going into Discount Unlimited on February 5, 1982. He further admitted that he reached behind the store counter and took a green zippered money bag. However, he denied assaulting Mrs. Hum-phries while in the store. He stated that he carried the knife for self-protection since “most of his friends carried such weapons.”
Robbery in the first degree is codified as § 13A-8-41, Code of Alabama 1975, which provides:
“A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or “(2) Causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there is so armed, is prima *230 facie evidence under subsection (a) of this section that he was so armed.”
Section 13A-8-43 provides:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property....”
A review of the testimony compels the conclusion that the State fully established the requisite elements of the crime and thereby presented a prima facie case of robbery in the first degree against appellant. Consequently, the conflicting evidence of the State and appellant presented a question for the jury. Starling v. State, 398 So.2d 337, (Ala.Cr.App.1981), cert. denied Ex parte Starling, 398 So.2d 342 (Ala. 1981). The trial court properly overruled appellant’s motion to strike and motion for judgment of acquittal since the issue of appellant’s guilt or innocence was a question for the jury.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.