Donald Wayne Tankersley was convicted of burglary and sentenced to fifteen years' imprisonment. The victim of this burglary was Charles Tankersley, the uncle of appellant, Donald Wayne Tankersley. Charles Tankersley received a phone call from an unknown individual telling him that his son had taken ill while at an auto show in Birmingham. Mr. Tankersley and his wife left their home in Cullman County to go to Birmingham to see about their son. Before leaving home, the Tankersleys called a sister-in-law in Birmingham and asked her to check the local hospitals to find out where their son was. During the course of the trip, they stopped and called the sister-in-law again. She reported that their son was fine and had not been ill at all. The Tankersleys' suspicion was aroused and Mr. Tankersley called a neighbor, Mr. Buck Shearer, and asked him to go check on his house. Mr. Shearer, accompanied by another man, Greg Young, went to the Tankersleys' house and entered, using a key which had been left outside by the Tankersleys for emergencies. Mr. Shearer observed that three guns were missing from their place near the stairs and were leaning against a wall upstairs. They then went down to the basement, where they found a man standing there in the dark. This man told Shearer and Young that he was Charles Tankersley's nephew. He said that he had just left Tankersley's son in Birmingham and came out to the home to collect some type of paper on an automobile. He said he had entered through a garage door. He told Shearer and Young that his (appellant's) wife had brought him to the house, but had probably been frightened off by them, and possibly would be coming back in a short time with the police. After a few minutes, the burglar stated that his wife must be lost and he thought he should walk up to the corner so that "When she comes by I will flag her down." Appellant then left. Some six months later, Mr. Shearer was asked to observe some people in a line-up. The appellant was one of the participants in this line-up, but had not been indicted at that time. Appellant's counsel was present when Mr. Shearer reviewed the line-up, but was not *Page 488 
present when the police asked Shearer about his conclusions. Mr. Shearer said that he was 90 percent certain that the appellant, Tankersley, was the burglar.
 I
Appellant first contends that his constitutional rights were violated because his attorney was not present at the pre-indictment line-up at the time the witness was asked if he could identify one of the people in the line-up as being the burglar.
The law is reasonably well-settled that there is no right to counsel at a pre-indictment-line-up. Kirby v. Illinois,406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); King v. State,395 So.2d 489 (Ala.Cr.App. 1981); Jackson v. State,414 So.2d 1014 (Ala.Cr.App. 1982).
 II
Appellant Tankersley also contends that the pre-indictment identification procedure was so suggestive as to violate his right to due process. The witness Shearer had given a description of the burglar which approximated that of the appellant before the line-up. He had also been shown pictures. Mr. Young, the other witness who saw the burglar in the house, had picked the appellant's mug-shot out of a book of about 80 pictures. He made an in-court identification of Donald Wayne Tankersley as the man whom they had found in the home of Charles Tankersley.
Applying the totality of the circumstances test, we conclude that the identification of witness Buck Shearer was reliable. While it is true that the witness stated that he was 90 percent sure that appellant, Tankersley, was the culprit, this does not prevent the identification from being a positive identification. It is rather a matter for the jury to consider on passing on the weight and sufficiency of the testimony.Gholston v. State, 338 So.2d 454 (Ala.Cr.App. 1976). The in-court identification by witness Young would itself have been sufficient to sustain appellant's conviction at trial.
 III
Appellant finally argues that the court erred in failing to grant his motion for new trial which was based on a statement of another person that he, not Tankersley, was the burglar. At the trial in the case, the defense was alibi. Appellant claimed to have been at an automobile show in Atlanta on the day of the burglary. Appellant had other witnesses appear and testify on his behalf. In support of a motion for new trial, appellant presented a witness who stated he had, in fact, committed the burglary. The trial judge denied the motion for new trial. Granting of a motion for new trial is within the discretion of the trial court. As is frequently stated, that decision will not be disturbed on appeal unless there is a clear abuse of discretion. Watson v. State, 389 So.2d 961 (Ala.Cr.App. 1980). In Robinson v. State, 389 So.2d 144 (Ala.Cr.App. 1980), a witness was brought forth on a motion for new trial in a robbery case stating that he and not the defendant had committed the robbery. From the trial court's denial of the new trial motion, Robinson appealed. This court, speaking through Judge DeCarlo, stated:
 "The credibility of this evidence was for the trial judge to determine. The truthfulness or falsity of the evidence presented is not for this court to decide."
We will not disturb this determination on appeal.
Consequently, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 489