HARRIS, Judge.
Appellant was convicted of the offense of selling marijuana and the Court sentenced him to seven years imprisonment in the penitentiary. Throughout the trial proceedings appellant was represented by counsel of his choice and at arraignment pleaded not guilty. After sentence was imposed appellant gave notice of appeal. His sentence was suspended pending appeal and he is free on bond in the amount of seven thousand dollars.
The evidence is in sharp conflict. The evidence adduced by the State made out a clear-cut sale of a bag of marijuana to a Mobile Police Officer who was on loan to the Dothan Police Department and assigned to the Narcotics Division as an undercover agent. Appellant denied that he sold the undercover agent a bag of marijuana and further denied being in the automobile at the time the alleged sale took place.
The Mobile Police Officer, David Havard, testified that he arrived in Dothan, Alabama, on March 28,1976, to work undercover in the Narcotics Division. He stated that he conferred with officers in Dothan and was given the name of Jimmy. Earl Hall who was suspected of dealing in the sale of narcotics. He said he met Hall at The Club in Dothan which was a nightclub, and he asked Hall if he had any “pot” for sale. Hall told him he had a couple of bags. Hall and Havard got in the back seat of an automobile driven by a man by the name of Carlos Fiddes. On the passenger side of the car driven by Fiddes was a man named Hatfield Wilder. As Fiddes was driving around the block Hall reached under the car seat and pulled out a plastic bag containing green plant material and told Havard the price was $20.00. They returned to the nightclub and Havard gave Hall $20.00 and took the bag and left the nightclub. The date was April 15, 1976, and the time was around 10:00 p. m.
Officer Havard was working under Sergeant Wallace Williams of the Dothan Police Department, and he called Sergeant Williams the next morning and made arrangements to meet him that afternoon at *824 a designated place. The two officers met and Havard delivered the plastic bag to Williams. At the same time, Havard gave Williams the tag number of the car in which he purchased the bag from appellant Hall and a description of the automobile. The tag number was 38-26350 and the car was a 1970 LeMans with black vinyl over white top two-door hardtop. When the description of the car was given during the trial, appellant spoke out saying, “That is my car.” A check was run on the tag registration and it revealed that this tag was issued to Carlos Fiddes.
Sergeant Wallace Williams testified that Officer Havard called him on or about April 15,1976 and gave him a report on appellant. They agreed to meet the following afternoon at an agreed place and Officer Havard gave him a plastic bag containing green vegetable matter. He said he put this bag in a white-envelope with the name Carlos Fiddes on it as he was the owner of the car driven at the time of the purchase. Williams sealed the envelope, put his initials on it, and also put appellant’s case number, 76041007, on the envelope. He stated that he gave this sealed envelope to Officer Robert Sorrells to deliver to the Enterprise Crime Laboratory.
Richard Dale Carter, State Toxicologist, who was in charge of the Enterprise Crime Laboratory, whose qualifications were admitted by the defense, testified that he examined the contents of the sealed envelope and that it contained 18.19 grams of marijuana.
When the State rested, appellant made a motion to exclude the State’s evidence on the grounds that the State had failed to prove the corpus delicti and that the evidence was insufficient to convict the defendant. This motion was overruled.
Appellant makes two contentions in urging a reversal of this case: (1) The evidence was insufficient to convict, and (2) the classification of marijuana with hard drugs is unconstitutional as a denial of due process and equal protection of the laws. We do not agree with either of these contentions.
There was positive and unequivocal testimony that Officer Havard purchased the marijuana from appellant. The appellant’s denial that he sold the marijuana to Officer Havard made and presented an issue for the jury to resolve. The jury resolved this issue against the appellant.
Conflicting testimony is for the jury, and a verdict rendered thereon will not be disturbed on appeal. Waters v. State, 55 Ala.App. 646, 318 So.2d 342, certiorari denied, 294 Ala. 773, 318 So.2d 346. 7 Ala.Dig.Crim.Law, «=>1159.3(1).
Appellant’s second contention is equally without merit under the holding of the Supreme Court in Boswell v. State, 290 Ala. 349, 276 So.2d 592. See also the following cases, Warren v. State, 52 Ala.App. 35, 288 So.2d 817; Sawyer v. State, 50 Ala.App. 490, 280 So.2d 196; Kenny v. State, 51 Ala.App. 35, 282 So.2d 387.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.