Willie J. Chillous, the appellant, was indicted and convicted for theft in the first degree. Sentence was fifteen years' imprisonment. On appeal, Chillous argues that he was entrapped into committing the theft.
 I
In order to deter street crimes such as purse snatchings, muggings, and robberies, the Montgomery Police Department formed a Decoy Squad and placed it in operation in downtown Montgomery. On August 20, 1982, the decoy officer was a female who was carrying a purse from which money was protruding. The decoy was stationed outside an ABC store and was dressed like a bum, doused with alcohol, and "feigning drunkenness."
There was evidence that Chillous and his brother "had been hanging around the parking lot for some period of time." An unidentified male bumped into the decoy and then went and talked to Chillous and his brother. The three men returned to the decoy. The unidentified male asked the decoy to give him "a dollar for a meal" and told Chillous to "get it and we'll split it." Chillous then took the money from the decoy's purse.
In an almost identical factual situation, the accused was found to have been "entrapped as a matter of law" in State v.Casper, 417 So.2d 263 (Fla.Dist.Ct.App. 1982). However, upon those same facts involving the use of a police decoy, a sister appellate court in Florida has reached the opposite conclusion and held that the issue of entrapment was for the jury. Statev. Cruz, 426 So.2d 1308 (Fla.Dist.Ct.App. 1983). This direct conflict between these cases was recognized in State v.Holliday, 431 So.2d 309 (Fla.Dist.Ct.App. 1983), and the issue was certified to the state supreme court.
The governing principles were collected in United States v.Tobias, 662 F.2d 381, 384-85 (5th Cir. 1981), cert. denied,457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982):
 "`(W)hen entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant.' United States v. Webster, 649 F.2d 346 at 348 (5th Cir. 1981) (en banc); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366
(1973); United States v. Reyes, 645 F.2d 285 (5th Cir. 1981). Thus, a defendant who wishes to assert an entrapment defense must initially come forward with evidence `that the Government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' United States v. Dickens, 524 F.2d 441, 444 (5th Cir. 1975), cert. denied, 425 U.S. 994, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976) (quoting *Page 1057 United States v. Mosley, 496 F.2d 1012, 1014 (5th Cir. 1974). Once the defendant has carried this burden, the government must, if it is to prevail, prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged. United States v. Dickens.
 "`A prosecution cannot be defeated merely because a government agent has provided the accused with the opportunity or facilities for the commission of the crime.' United States v. Williams, 613 F.2d 560, 562
(5th Cir. 1980) (citing United States v. Dickens, 524 F.2d 441 (5th Cir. 1975), cert. denied, 425 U.S. 994, 96 S.Ct. 2208, 48 L.Ed.2d 819 (1976)). `It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play.' United States v. Russell, 411 U.S. 423, 436, 93 S.Ct. 1637, 1645, 36 L.Ed.2d 366 (1973)."
See also Tyson v. State, 361 So.2d 1182 (Ala.Cr.App. 1978).
On this record we cannot say that Chillous was entrapped. Here, the police provided an opportunity for Chillous to commit a crime, but there is not even the contention that he was approached or encouraged by the police to do so. "(T)he defense of entrapment is not established simply because government agents `afford opportunities or facilities for the commission of the offense', Sorrells v. United States, supra, 287 U.S. [435] at 441, 53 S.Ct. [210] at 212 [77 L.Ed. 413] or engage in `deceit', United States v. Russell, 411 U.S. 423, 435-36,93 S.Ct. 1637, 1644-45, 36 L.Ed.2d 366 (1973). The legal defense of entrapment is not established whenever a defendant is caught by a ruse." United States v. Myers, 692 F.2d 823, 835 (2nd Cir. 1982) (involving the Abscam operation). Thus, as in Cruz, supra, there is a question of fact for the jury to decide as to whether Chillous was predisposed to commit the offense. "A prosecution may not be defeated because the government provides the accused with the opportunity to commit the crimes charged."Tobias, 662 F.2d at 385.
 "`Entrapment as a matter of law is established only where the testimony is undisputed that a person having no predisposition to commit offenses of the kind complained of was induced to do so by the trickery, persuasion, or fraud of a Government agent.' . . . Solicitation alone, however, does not establish entrapment, nor is it illegitimate for the Government to set a `trap for the unwary criminal.'" United States v. Rippy, 606 F.2d 1150, 1154-55
(D.C. Cir. 1979) (footnotes omitted).
To establish entrapment as a matter of law, "the evidence must clearly have indicated that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent." United States v. Shaw, 570 F.2d 770, 772
(8th Cir. 1978).
Here, the police employed no inducement which would create a risk of causing an otherwise unpredisposed person to commit the crime charged. United States v. Burkley, 591 F.2d 903 (D.C. Cir. 1978), cert. denied, 440 U.S. 966, 99 S.Ct. 1516,59 L.Ed.2d 782 (1979). By "predisposed" is meant that the accused is "presently ready and willing to commit the crime. . . . (T)he predisposition which must be shown by the prosecution is a `state of mind which readily responds to the opportunity furnished by the officer or his agent to commit the forbidden act for which the accused is charged.'" Burkley, 591 F.2d at 916. "(P)redisposition is, by definition, `the defendant's state of mind and inclinations before his initial exposure togovernment agents.'" United States v. Kaminski, 703 F.2d 1004,1008 (7th Cir. 1983).
It is recognized that "(c)learly, one way of proving predisposition is to show that the defendant responded affirmatively to less than compelling inducement by the government agent." Burkley, 591 F.2d at 916. "Prompt acquiescence shows predisposition" to commit the crime. Myers, 692 F.2d at 842. The evidence in this case *Page 1058 
authorizes the reasonable inference that the unidentified male, Chillous and his brother planned the theft while in the parking lot and that when this same man told Chillous to "get it", Chillous responded positively and without hesitation.
Here, the police decoy only provided Chillous with the opportunity to commit the theft. Other than the mere opportunity, no persuasion or encouragement was employed. "There is no prohibition against the police using decoys to present the opportunity to those intending or willing to commit a crime." Cruz, 426 So.2d at 1310. "(A)rtifice and stratagem may be employed to catch those engaged in criminal enterprises." United States v. French, 683 F.2d 1189, 1194 (8th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 304,74 L.Ed.2d 284 (1982). See also United States v. Sam Goody, Inc.,506 F. Supp. 380 (E.D.N.Y. 1981) (involving F.B.I. "sting" operations).
Based on the above principles, it is the finding of this Court that Chillous was not entrapped as a matter of law, and his motion to exclude the State's evidence was properly denied.
 II
The State's evidence that Chillous promptly and affirmatively responded, Kaminski, 703 F.2d at 1008; Burkley, 591 F.2d at 916, and readily acquiesced in the commission of the crime,Casper, 417 So.2d at 265, constitutes sufficient proof of Chillous' criminal disposition to allow the issue of entrapment to be decided by the jury.
Our review of the record convinces this Court that the judgment of the Circuit Court is due to be affirmed.
AFFIRMED.
All Judges concur.