[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 704 
Patrick Neely was indicted and convicted for trafficking in cannabis in violation of Alabama Code 1975, § 20-2-80. Sentence was five years' imprisonment and a $25,000 fine. Eight issues are raised on appeal.
 I
Neely argues that the prosecutor committed reversible error in his cross examination of Neely's character witnesses by asking questions which implied the existence of a factual predicate which could not be proved.
The first defense witness was Buddy Hacker, who testified that Neely had a "very good" reputation for good character. On cross examination, the assistant district attorney asked:
 "Q. Mr. Hacker, have you heard, prior to November of this past year, that Mr. Pat Neely has had drug arrests?
"A. No, sir.
"Q. You never have heard that?
"A. No.
 "Q. You never have heard that he'd been arrested by the City of Guntersville here?
"A. Not to my knowledge."
After this witness finished testifying and outside the presence of the jury, defense counsel made a motion in limine to prevent the State "from using the term charged with a drug offense and there's no such offense . . . as a drug offense, and we object to that, and that's an attempt by the State, as usual, to try to prejudice the defendant." The trial court overruled the motion stating, "I think the State has a right to ask the witness if he has heard of certain things."
The prosecutor asked three other defense character witnesses if they had ever heard that "Neely was arrested by the City of Guntersville for possession of marijuana", but no objection was made.
The prosecutor's questions were proper.
 "Where a witness testifies as to the general reputation or character of the defendant, the knowledge of the witness as to such reputation or character may be tested on cross-examination by asking him if he had heard of the defendant being charged with other offenses or of specific acts of bad conduct on the part of the defendant." Aaron v. State, 271 Ala. 70, 83, 122 So.2d 360 (1960).
The ground of objection raised on appeal was never asserted at trial. "It is improper for the prosecutor `to ask a question which implies a factual predicate which the examiner knows he cannot support by evidence or for which he has no reason to believe that there is a foundation of truth.'" Wysinger v.State, 448 So.2d 435, 438 (Ala.Cr.App. 1983). Here, that issue has not been preserved. The record is silent as to the prosecutor's knowledge of the factual existence of a prior drug arrest, although a presentence report contains no mention of a prior arrest or conviction involving controlled substances. Since this issue was not raised below, there is nothing for this court to review. Appellate counsel recognizes this and states in his brief that "several issues are presented in this brief and argument which were not raised at the trial level. * * * The writer wishes to add further that he did not represent the appellant *Page 705 
on the trial level, and certainly does not wish to convey by any issue herein raised, that appellant was a victim of inadequate counsel, or ineffective counsel." Appellant's Brief, pp. 5-6.
 II
It is asserted that the trial court erred in ordering Neely to leave the courtroom while the venire was qualified. This allegation is only supported by a "motion to amend record on appeal" with a supplemental record attached. This record reveals that, when defense counsel objected to Neely's absence, the trial judge stated: "I'll say that any defendant who wants to be present may be present . . . I'll go back over anything you want me to repeat for your clients." By failing to avail himself of the remedy offered by the trial court, defense counsel waived this issue. Durden v. State, 394 So.2d 967, 976
(Ala.Cr.App. 1980), cert. quashed, Ex parte Durden,394 So.2d 977 (Ala. 1981). "A defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." Murrellv. State, 377 So.2d 1102, 1105 (Ala.Cr.App.), cert. denied, Exparte Murrell, 377 So.2d 1108 (Ala. 1979).
 III
Neely argues that all the exhibits were not presented to the jury at the beginning of its deliberation and "that to present the jury with the exhibits in the middle of their deliberation was an abuse of discretion." Appellant's Brief, p. 33.
From the record, it appears that immediately after the jury was instructed to start deliberating the trial court directed the attorneys "to go over the exhibits and determine . . . and if you have any dispute as to what should go to the jury room the court will settle your dispute." There was no objection to this procedure and it was not raised in the motion for new trial. Here, there is simply no showing that the trial court abused its discretion. Alabama Code 1975, § 12-16-14.
 IV
Prior to trial, defense counsel filed a motion to produce seeking the statements of the State's witnesses. This motion was granted "as per agreement of parties." Trial began and no mention was made of the discovery motion until after the prosecution had completed its direct examination of its third witness, Sheriff's Investigator Larry Walden. At that time, defense counsel informed the trial court that the State had not produced Walden's statement.
The trial court examined Walden's statement and found only two "slight difference[s]" between Walden's statement and his testimony at trial: "I don't see anything is any help to you, but the mere possibility is two instances . . . I don't know whether that's enough of a difference to make any difference or not, but I think you're entitled to know about it. I see nothing in there that is going to have any substantial effect on this case." The judge determined that defense counsel was not entitled to the entire statement and informed counsel of the discrepancies.
On cross examination, Deputy Walden admitted using a copy of the December 6th statement to the District Attorney during his testimony. The trial court ruled that defense counsel had "a right to see what he's refreshing his memory from." The record does not show whether or not counsel examined the statement.
After Walden testified and immediately before the State rested its case, defense counsel objected, claiming that the State had not produced all the statements of its witnesses recounting statements made by Neely after his arrest. The trial court ordered the State to make copies of any statement attributed to the defendant and deliver them to defense counsel "so he can further cross-examine any witness that he wants to." The court allowed a recess to allow compliance with this order. When trial resumed, defense counsel made no objection or request with regard to this matter, although in his motion for new trial he complains that "the Court erred by denying Defendant access to certain extra-judicial *Page 706 
written statements of certain State's witnesses until it was too late for Defendant to make use of the statements."
The record shows that Walden testified at the preliminary hearing and defense counsel had a copy of that testimony. Walden's statement to the District Attorney is not in the record on appeal.
We find no error. The production of the requested information "was all done by agreement", and there was no order of the court granting the motion for discovery. If the State was tardy in producing, defense counsel should have called the delay to the attention of the trial court before "it was too late . . . to make use of the statements." Although the trial occurred one month before the effective date of Rule 18.5 (a), A.R.Crim.P.Temp., governing relief for noncompliance with an order of discovery, defense counsel sought no continuance or recess to allow him time to review the produced material.
Once the trial judge was aware of the nonproduction, he followed the procedures established in Ex parte Pate,415 So.2d 1140 (Ala. 1981), to determine whether Neely was entitled to Walden's statement for purposes of cross examination. We find no abuse of the judge's discretion. Killough v. State,438 So.2d 311, 316 (Ala.Cr.App. 1982), reversed on other grounds,Ex parte Killough, 438 So.2d 333 (Ala. 1983). No assertion is made that Deputy Walden's statement contained evidence favorable to Neely and should have been disclosed under Bradyv. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);Ex parte Duncan [Ms. 83-75, July 6, 1984]. That opinion withdrawn and substituted with 456 So.2d 362 (Ala. 1984).
 V
Neely argues that the chain of custody was insufficient to establish that the marijuana seized in his basement and taken to the Sheriff's office was the same evidence determined to be 33 pounds of marijuana. This objection was raised neither at trial nor on the motion for new trial. There is nothing preserved for review.
 VI
Neely's attack on the search warrant and affidavit is, quite simply, unfounded. The warrant is sufficient under both the two-pronged test of Aguilar and Spinelli [Aguilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v.United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637
(1969)], or the prevailing totality-of-the-circumstances test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983).
 VII
Neely's "motion to compel disclosure of confidential informant" was properly denied, even though the officer who obtained the search warrant admitted that, so far as he knew, his informant had never seen marijuana before and had a prior felony conviction.
Here, the informant not only saw the marijuana "hanging from the rafters underneath the house" but had been told "that there was approximately 2 pick up loads of marijuana in the basement and that this marijuana was brought into the residence from out of state."
At trial, the court ordered that the search warrant not go to the jury room "under any circumstances." Defense counsel responded: "I don't want the . . . identity of any informant, no sir. * * * I'm not interested in that." There was no contention that the informant's identity was essential to Neely's defense or that it was necessary to show his innocence. Clearly, there was no showing that there was any exception to the general rule that the prosecution is entitled to withhold the identity of the informant. Roviaro v. United States,353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); McCarroll v.State, 294 Ala. 87, 312 So.2d 382 (1975); Stanford v. State,448 So.2d 472 (Ala.Cr.App. 1984); Thornton v. State,390 So.2d 1093 (Ala.Cr.App.), cert. denied, Ex parte Thornton,390 So.2d 1098 (Ala. 1980), cert. denied, Thornton v. Alabama,450 U.S. 998, 101 S.Ct. 1704, *Page 707 68 L.Ed.2d 200 (1981); Hatton v. State, 359 So.2d 822 (Ala.Cr.App. 1977), cert. quashed, 359 So.2d 832 (Ala. 1978).
 VIII
Any contention that the State did not present a prima facie case is unfounded. Thirty-three pounds of marijuana were found in the basement of Neely's residence, "hanging from the rafters" and not concealed. After his arrest, Neely was overheard telling another that "it's just about that pot we found in Kansas." When asked if there was any more marijuana in the house, Neely stated "yeah, there's a little bit back here [in the kitchen] and a little bit more won't hurt." On another occasion, Neely stated, "[W]e was just out in Kansas and found this and thought we'd bring back a pick-up load."
Considering the quantity of marijuana involved (13 or 14 garbage bags), the place where it was found, and Neely's own statements acknowledging not only its presence but his responsibility for its being there, any contention that the State did not present a prima facie case is unfounded.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.