TYSON, Judge.
Margariet Brown was indicted for the unlawful sale of a controlled substance in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge set sentence at five years’ imprisonment in the penitentiary.
On the evening of October 16, 1984, Gerard Herring, an undercover agent with the narcotics unit of the Alabama Bureau of Investigation, and Terry Overstreet, an informant with the Clarke County Sheriff’s Department, went to the residence of the appellant in Thomasville, Alabama. Over-street, who had made several undercover buys from the appellant previously, introduced Herring to her. The appellant asked what they wanted and Overstreet told her he wanted a “nickel” bag. The appellant went to the back of the house and returned with a large and a small manila envelope. The large envelope was given to Herring for which he paid the appellant $10.00. Overstreet received the small envelope and he gave the appellant $5.00.
Herring and Overstreet then left and went to the residence of Officer Bobby Kelley of the Clarke County Sheriff’s Department and gave Kelley the two envelopes. The contents of the envelopes revealed the presence of 3.3 grams of marijuana.
The appellant took the stand and testified that she did not know Herring or Over-street. Not only did she deny selling marijuana to Overstreet and Herring, but she denied having ever sold marijuana.
I
The appellant seeks to invoke the defense of entrapment in the case at bar. Generally, a defendant who denies committing the offense charged may not plead entrapment. Jackson v. State, 384 So.2d 134 (Ala.Crim.App.1979), writ quashed, 384 So.2d 140 (Ala.1980); McCarroll v. State, 294 Ala. 87, 312 So.2d 382 (1975); United States v. Greenfield, 554 F.2d 179 (5th Cir.1977), appeal after remand, 574 F.2d 305 (1978), cert. denied, 439 U.S. 860, 99 S.Ct. 178, 58 L.Ed.2d 168 (1978).
“Binding precedent in this Circuit states that a defendant who wishes to rely upon an entrapment defense may not rely upon defenses that conflict with the claim of entrapment. Although defendants may assert inconsistent defenses in other contexts, the unusual nature of entrapment defense, focusing on the state of mind of the defendant prior to commission of the defense, United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), justifies this requirement. The doctrine facilitates the truth-finding function of a criminal trial and saves the prosecutor from presenting essentially two cases against the defendant, one relating to the offense and the other relating to predisposition prior to the offense. The wisdom or consistency of that doctrine is a matter beyond the reach of this panel. Cf. United States v. Henry, 749 F.2d 203 (5th Cir.1984) (en banc); United States v. Demma, 523 F.2d 981 (9th Cir.1975) (en banc).
“The cases setting forth this principle also establish for this Court a workable means of determining the precise degree of inconsistency between defenses that the law will tolerate. The consistency of the defenses presented by a defendant depends largely on what part of the prosecution’s case he or she admits is true. While this court has often held that a defendant asserting entrapment must admit all the criminal acts upon which the prosecution builds its case, United States v. Nicoll, 664 F.2d 1308 (5th Cir. Unit B), cert. denied, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1330 (1982); United States v. Crossman, 663 F.2d 607, 610 (5th Cir.1981), cert. denied, 456 U.S. 977, 102 S.Ct. 2243, 72 L.Ed.2d 851 (1982); United States v. Brooks, 611 F.2d 614, *18 618 (5th Cir.1980); United States v. Williamson, 482 F.2d 508, 515 (5th Cir.1973); Government of the Canal Zone v. Risbrook, 454 F.2d 725 (5th Cir.1972); McCarty v. United States, 379 F.2d 285 (5th Cir.), cert. denied, 389 U.S. 929, 88 S.Ct. 291, 19 L.Ed.2d 281 (1967); Beatty v. United States, 377 F.2d 181, 186 (5th Cir.), rev’d on other grounds, 389 U.S. 45, 88 S.Ct. 234, 19 L.Ed.2d 48 (1967), there are several recognized exceptions to this rule.
“The first ... occurs when the government’s case-in-chief injects substantial evidence of entrapment into the case. In that situation a defendant may assert his or her own defense and still ask that the jury consider the possibility of entrapment as raised by the government itself. The availability of both defenses does not result from inconsistent statements made by the defendant and does not unduly burden the government, because the prosecution brings the issue into the case. United States v. Haimowitz, 725 F.2d 1561 (11th Cir.1984); United States v. Morrow, 537 F.2d 120, 138 (5th Cir. 1976), cert. denied, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); Sears v. United States, 343 F.2d 139 (5th Cir. 1965); cf. United States v. Groessel 440 F.2d 602 (5th Cir.), cert. denied, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971). “The second exception, originating in Henderson v. United States, 237 F.2d 169 (5th Cir.1956), provides that a defendant may assert defenses that might appear to conflict with one another, so long as they do not ‘necessarily disprove’ one another. Id. at 173. In other words, a defendant may assert entrapment along with another defense so long as a jury could consistently find that he or she is entitled to either defense without changing its view of the facts.”
United States v. Smith, 757 F.2d 1161, 1168-69 (11th Cir.1985).
Neither of the two above-quoted exceptions to the rule that a defendant cannot plead entrapment and, at the same time, deny committing the offense charged, is present in the case at bar.
First, there is absolutely no evidence in the record that the State, in its case-in-chief, interjected substantial evidence of entrapment into the case. Secondly, each of the appellant’s defenses necessarily disproves the other. On the one hand, the appellant outrightly denies selling marijuana to Overstreet and Herring. On the other hand, the appellant claims she was induced into selling marijuana to Overstreet and Herring. Not only are these two defenses inconsistent, but they cannot be reconciled in any conceivable manner.
If the jury believed that the appellant did not sell marijuana to Herring and Over-street, they could not also find that Herring and Overstreet entrapped the appellant into selling marijuana to them. Likewise, if the jury believed the appellant was entrapped, they could not find that she did not make a sale to Herring and Over-street.
Therefore, since the appellant denied selling marijuana to Herring and Overstreet, the defense of entrapment is unavailable to her.
II
The appellant challenges the sufficiency of the evidence. The facts of this case, which are recited in this opinion, clearly establish a prima facie case of the sale of marijuana by the appellant to Over-street and Herring. There was sufficient evidence presented by the State to support the appellant’s conviction. Williams v. State, 409 So.2d 949 (Ala.Crim.App.1981), Hall v. State, 354 So.2d 823 (Ala.Crim.App.1977), cert. denied, 354 So.2d 824 (Ala.1978).
This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.