The appellant was charged with the unlawful and intentional sale of diazepam, in violation of § 20-2-70 (a), Code ofAlabama (1975). He pleaded guilty and was sentenced to five years' imprisonment. His sentence was suspended and he was placed on probation for five years. The appellant's probation officer filed a petition for revocation hearing. Following a hearing, the appellant's probation was revoked, because the appellant had changed residence and had failed to inform his probation officer of the move or to report to him on a regular basis. The probation officer testified that despite his attempts for approximately two months he was unable to locate the appellant at the address which he had given. He telephoned friends and relatives of the appellant in an attempt to locate him.
The appellant argues that the only evidence that he moved was provided by the hearsay testimony of the probation officer. *Page 61 
He argues that the probation officer testified that the appellant's mother and someone named Brooks informed him that the appellant had moved. However, the record indicates that the probation officer testified that he first became aware that the appellant was not at his address when he received a telephone call from the appellant's mother. Defense counsel objected on the grounds of hearsay, and the prosecutor asserted that the testimony was not introduced as proof of the matter asserted, but rather as the motive behind the probation officer's beginning his investigation. Thus, the testimony was not hearsay. See C. Gamble, McElroy's Alabama Evidence, § 242.01 (1) (3d ed. 1977).
The record shows that defense counsel's objection to what was said by Brooks on the grounds of hearsay was sustained by the trial court. Therefore, there is no adverse ruling to preserve this matter for our review. Cowgill v. State, 426 So.2d 517
(Ala.Cr.App. 1982).
The appellant also argues that the State failed to meet its burden of proving that he had breached the conditions of his probation by not regularly reporting to his probation officer. He concedes that he failed to "personally appear before the probation officer." However, he states that the probation officer admitted that the appellant telephoned on October 6 and left a message. The probation officer testified that he did not consider the telephone call as reporting. Moreover, during the appellant's testimony the following transpired:
 "Q: Okay. Did you attempt to talk with [the probation officer] by phone?
"A: Yes, sir.
"Q: Did you ever talk to him by phone?
"A: A couple of times.
 "Q: Well, did he tell you that you just absolutely had to come to this courthouse and see him eyeball to eyeball?
"A: Well, that's what he instructed.
"Q: Okay. Well, why didn't you do that?
"A: Well, I was — I was trying to get to that.
 "[DEFENSE COUNSEL]: Well, Judge, can he be allowed to tell us why he didn't report?
 "THE COURT: He instructed you that he wanted to see you in person?
"THE WITNESS: Yes, sir.
"THE COURT: And that you did not?
"THE WITNESS: Yes, sir.
"THE COURT: All right."
The appellant thereafter explained that he had already served two years of his sentence. He then again admitted that he understood he should have reported to his probation officer and knew that he would "get in trouble" if he did not report. Thus, the appellant breached the conditions of his probation under §15-22-29 (b)(5), Code of Alabama (1975). That section states:
 "The Board of Pardons and Paroles, in releasing a prisoner on parole, shall specify in writing the conditions of his parole, and a copy of such conditions shall be given to the parolee. A violation of such conditions may render the prisoner liable to arrest and reimprisonment."
The appellant argues that the trial court improperly denied his motion to appoint another attorney; he had made that motion on the grounds that his attorney was the judge's political opponent. Defense counsel had intended to run for the office of circuit judge against the judge who presided over this case. Defense counsel argues that the appellant did not get a fair probation revocation hearing because the trial judge was trying to "embarrass and humiliate" his political opponent.
In Reach v. Reach, 378 So.2d 1115, 1117 (Ala.Civ.App. 1979), cert. denied, Ex parte Reach, 378 So.2d 1118 (Ala. 1980), the appellant moved the trial judge to recuse himself because defense counsel was a political opponent of the trial judge when the judge last ran for office and because the appellant was defense counsel's campaign manager. The Court of Civil Appeals upheld the trial court's denial of the motion, stating:
 "Canon 3 (C)(1) provides in part that a judge should recuse himself in a proceeding in which his impartiality might reasonably be questioned in instances where *Page 62 
he has personal bias or prejudice concerning a party. Canon 3 (C)(1)(a), Canons of Judicial Ethics (1976). Such prejudice is not presumed. Wells v. Wells, Ala.Civ.App., 346 So.2d 442, cert. denied, Ala., 346 So.2d 444 (1977); and it is encumbent on the moving party to prove that the bias is of a personal nature. Pannell v. State, Ala.Crim.App., 356 So.2d 219, cert. denied, 356 So.2d 222 (1977).
 "Recusal is not required by mere accusation of bias unsupported by substantial fact. Wallace v. Wallace, Ala.Civ.App., 352 So.2d 1376 (1977)."
After a thorough review of the record, we are convinced that the trial judge maintained his partiality and that the appellant received a fair trial.
AFFIRMED.
All the Judges concur.
[EDITORS' NOTE: PAGES 63-73 CONTAINED DECISIONS WITHOUT OPINIONS.] *Page 304