The State filed this petition for writ of certiorari to have this Court reverse the judgment of the Court of Criminal Appeals in Lambeth v. State, 562 So.2d 573
(Ala.Crim.App. 1989). The Court of Criminal Appeals reversed Farrell Lewis Lambeth's conviction for the unlawful selling, furnishing, or giving away of cocaine in violation of Ala. Code, 1975 §20-2-70, and remanded the case to the circuit court. We granted the writ to address the State's argument that the Court of Criminal Appeals' holding effectively prohibits the State from attempting to disprove the defense's theory of entrapment.
Deputy Jim Long, a narcotics officer of the Mobile County Sheriff's Department, instructed Jerri Scott, an undercover operative, to make a "drug buy" at the Sports Event club. During the evening of September 24, 1986, Scott met the defendant, but she did not purchase any drugs that night. She claims that the next night the defendant left the club and purchased some cocaine for her.
The defendant visited the club three to five times a week to meet friends, play pool, or listen to the band. He testified that he "slow danced" with Scott's friend and that when Scott asked if he could get her some cocaine he replied that he could not. He further stated that she leaned over and placed her left hand on his right thigh. The defendant said that he then saw an acquaintance who was rumored to sell drugs and that he told Scott that he would talk to someone about getting her some cocaine.
The defendant left with his acquaintance to pick up the cocaine. Scott went outside with him, where she gave him $100 for the cocaine, and she told him she would be back to party after she had picked up her friend. *Page 577 
During the presentation of the prosecution's evidence, Deputy Long, the officer in charge of the investigation, was asked the following question:
 "Q. And, Officer, if you could, tell the jury why you targeted these nightclubs, and more specifically, what the reason was for setting up in the Sports Event club?"
Defense counsel objected. The trial court overruled defense counsel's objection and allowed Deputy Long to answer:
 "A. I was in the process of doing investigations on the club and received, on numerous occasions, information —"
Defense counsel renewed his objection on the basis that the response was prejudicial and was hearsay. The trial court again overruled the objection and allowed Deputy Long to complete his answer:
 "A. During my course of investigation, I learned that these particular clubs I had more or less targeted, were clubs that were selling drugs out of these clubs."
During cross-examination the prosecutor asked the defendant the following question:
 "Q. And isn't it a fact that cocaine is notoriously sold in the confines of the Sports Club?"
Again, defense counsel's objections to this testimony were overruled.
Finally, during closing argument, the prosecution made the following statements:
 "Why was she even there? What was her purpose? What was her job description? You heard her testify. You heard her supervisor testify, Officer Jim Long, of the Sheriff's Department — Officer Long, why did you set up on this particular location? That location is known for the [sale] of cocaine and marijuana."
Defense counsel's objection to the prosecution's arguments as hearsay was overruled. The prosecution then stated:
 "Officer Long told you that this club was under the target of his investigation because of [sales] going on out of that establishment."
Defense counsel moved for a mistrial, which was denied.
The defendant argued that the trial court improperly allowed the prosecutor to elicit testimony from a law enforcement officer that, prior to the offense charged, he had received information that drugs were being sold at the Sports Event club. Although the testimony of a law enforcement officer concerning information received from another source is generally admissible when it is offered to provide some explanation for the officer's subsequent actions and not to prove the truth of the matter asserted,[1] the Court of Criminal Appeals held that because of the repeated references by the prosecution to these facts, the evidence was highly prejudicial and could have unlawfully influenced the jury's verdict.Lambeth v. State, 562 So.2d 573 (Ala.Crim.App. 1989).
While we agree with the reasoning of the Court of Criminal Appeals, we find that the judgment was properly reversed and the case properly remanded for a new trial for a more fundamental and compelling reason. Our discussion begins with a review of the law regarding the defense of entrapment.
The entrapment defense was first recognized by the United States Supreme Court in Sorrells v. United States,287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Sorrells and two other Supreme Court cases establish that entrapment occurs "when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." Sorrells,287 U.S. at 442, 53 S.Ct. at 213; United States v. Russell,411 U.S. 423, 429, 93 S.Ct. 1637, 1641, 36 L.Ed.2d 366 (1973);Sherman v. United States, *Page 578 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Chillous v.State, 441 So.2d 1055 (Ala.Crim.App. 1983).
When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.Pierce v. United States, 414 F.2d 163, 168 (5th Cir.), cert.denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). Once the defendant has carried this burden, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged. United States v.Gomez-Rojas, 507 F.2d 1213 (5th Cir.), cert. denied,423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975).
Consequently, the focal point of inquiry in entrapment cases is the predisposition of the defendant. United States v.Webster, 649 F.2d 346, 348 (5th Cir. 1981). Being "predisposed" means being "presently ready and willing to commit the crime," and it has been further held:
 "[T]he predisposition which must be shown by the prosecution is a 'state of mind which readily responds to the opportunity furnished by the officer or his agent to commit the forbidden act for which the accused is charged.' . . . [P]redisposition is, by definition, 'the defendant's state of mind and inclinations before his initial exposure to government agents.' "
Chillous, 441 So.2d at 1057 (quoting United States v. Burkley,591 F.2d 903 (D.C. Cir. 1978), cert. denied, 440 U.S. 966,99 S.Ct. 1516, 59 L.Ed.2d 782 (1979), and United States v.Kaminski, 703 F.2d 1004, 1008 (7th Cir. 1983)).
In addition, the defense of entrapment is not available to a defendant who denies that he committed the offense charged.McCarroll v. State, 294 Ala. 87, 312 So.2d 382 (1975); Brown v.State, 488 So.2d 16 (Ala.Crim.App. 1986); Jackson v. State,384 So.2d 134 (Ala.Crim.App. 1979), writ quashed,384 So.2d 140 (Ala. 1980). See also Annot., Availability in State Court ofDefense of Entrapment When Accused Denies Committing Acts WhichConstitute Offense Charged, 5 A.L.R.4th 1128 (1981). The entrapment defense rests on the defendant's admitting the deed but denying the thought. McCarroll v. State, 294 Ala. 87,312 So.2d 382 (1975); Lindsay v. State, 41 Ala. App. 85,125 So.2d 716 (1960), cert. denied, 366 U.S. 933, 81 S.Ct. 1656,6 L.Ed.2d 392 (1961).
We now address the issue of whether hearsay evidence can be admitted to establish predisposition when the defendant has raised the defense of entrapment. Some jurisdictions allow hearsay and reputation evidence to be admitted to establish predisposition. See United States v. Hawke, 505 F.2d 817 (10th Cir. 1974), cert. denied, 420 U.S. 978, 95 S.Ct. 1404,43 L.Ed.2d 658 (1975); State v. Talbot, 135 N.J. Super. 500,343 A.2d 777 (1975), aff'd on other grounds, 71 N.J. 160,364 A.2d 9 (1976). However, a substantial number of jurisdictions refuse to permit reputation or hearsay evidence to establish predisposition. See United States v. Richardson, 764 F.2d 1514
(11th Cir.), cert. denied, 474 U.S. 952, 106 S.Ct. 320,88 L.Ed.2d 303 (1985); United States v. Hunt, 749 F.2d 1078 (4th Cir. 1984), cert. denied, 472 U.S. 1018, 105 S.Ct. 3479,87 L.Ed.2d 614 (1985); United States v. Webster, 649 F.2d 346 (5th Cir. 1981) (en banc); United States v. McClain, 531 F.2d 431
(9th Cir.), cert. denied, 429 U.S. 835, 97 S.Ct. 102,50 L.Ed.2d 101 (1976); United States v. Ambrose, 483 F.2d 742 (6th Cir. 1973); United States v. Johnston, 426 F.2d 112 (7th Cir. 1970); United States v. Catanzaro, 407 F.2d 998 (3d Cir. 1969); Whiting v. United States, 296 F.2d 512 (1st Cir. 1961); Bauer v. State, 528 So.2d 6 (Fla. Dist. Ct. App. 1988); Bowser v. State, 50 Md. App. 363, 439 A.2d 1 (1981);State v. Jones, 416 A.2d 676 (R.I. 1980); Price v. State,397 N.E.2d 1043 (Ind.App. 1979); State v. Cox, 110 Ariz. 603,522 P.2d 29 (1974).
The State argues that once the entrapment defense is raised, the usual evidentiary rules are discarded and the prosecutor may admit evidence generally barred as hearsay or as being more prejudicial than probative. In its brief the State relies *Page 579 
heavily on the case of United States v. Dickens, 524 F.2d 441
(5th Cir. 1975), cert. denied, 425 U.S. 994, 96 S.Ct. 2208,48 L.Ed.2d 819 (1976). That case admitted hearsay evidence to prove predisposition where the entrapment defense had been raised. However, in United States v. Webster, 649 F.2d 346, 350
(5th Cir. 1981), an en banc court overruled the case relied on by the State and an entire line of cases that had admitted hearsay evidence to prove predisposition. Prior to Webster, the Court of Appeals for the Fifth Circuit had for some time permitted the Government to introduce hearsay as proof of the defendant's predisposition.
In Webster, statements were made by an informant to a law enforcement officer about specific instances in which the defendant engaged in criminal activities. The Webster court stated:
 "Our creation of a rule that allows gross hearsay evidence to be used to prove predisposition has resulted in the very evils that the rule against hearsay was designed to prevent. The jury is free to believe unsworn, unverified statements of government informants, sometimes unidentified, whose credibility is not subject to effective testing before the jury and whose motivations may be less than honorable. We are hard pressed to envision a situation where the disparity between the probative value and prejudicial effect of evidence is greater. . . . [W]e hold that hearsay evidence is never admissible for the purpose of proving the defendant's predisposition. All prior decisions of this Court to the contrary are hereby overruled."
649 F.2d at 350 (footnotes omitted).
We agree with the rationale of the Webster court.[2] We can find no justification for the proposition that where the predisposition of the defendant is in issue, traditional hearsay rules are thrown out the window. There is no legitimate basis why the rules of evidence should be bent or broken simply because the defendant raises the defense of entrapment.
We recognize that the Webster case dealt with reputation and hearsay evidence about the defendant. The hearsay evidence admitted in the instant case related to the reputation of the club where the defendant was arrested. We see no difference in the prejudicial effect of the two patterns of hearsay.
Our holding will not, as the State argues, prohibit prosecutors from "disproving the defense's theory of entrapment." The State may prove predisposition by using various common methods. Among the most common are proof of prior convictions for similar offenses and evidence of similar criminal acts committed by the accused. Brown v. State,392 So.2d 1248, 1258 (Ala.Crim.App. 1980), cert. denied,392 So.2d 1266 (Ala. 1981). See also Annot., Admissibility of Evidence ofOther Offenses in Rebuttal of Defense of Entrapment, 61 A.L.R.3d 293 (1975).
We hold, therefore, that when an accused has raised the defense of entrapment, hearsay is admissible to prove predisposition only according to the customary rules of evidence. For the foregoing reasons, the judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON and SHORES, JJ., concur.
MADDOX, HOUSTON and KENNEDY, JJ., concur in the result.
[1] See Molina v. State, 533 So.2d 701 (Ala.Crim.App. 1988),cert. denied, ___ U.S. ___, 109 S.Ct. 1547, 103 L.Ed.2d 851
(1989); Clontz v. State, 531 So.2d 60 (Ala.Crim.App. 1988);Petite v. State, 520 So.2d 207 (Ala.Crim.App. 1987); Clark v.City of Montgomery, 497 So.2d 1140 (Ala.Crim.App. 1986); Adamsv. State, 459 So.2d 999 (Ala.Crim.App. 1984); Dent v. State,423 So.2d 327 (Ala.Crim.App. 1982);
[2] To the extent that the Court of Criminal Appeals' cases ofSullivan v. State, 527 So.2d 775 (Ala.Crim.App. 1988), andJackson v. State, 384 So.2d 134 (Ala.Crim.App. 1979), writquashed, 384 So.2d 140 (Ala. 1980), are inconsistent with our holding today, they are expressly overruled. *Page 580