McMILLAN, Judge.
The appellant was charged in a two-count indictment with unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama, 1975 and possession of cocaine, in violation of § 13A-12-212, Code of Alabama, 1975. He was found guilty of Count I of the indictment, the unlawful distribution of a controlled substance and was sentenced to five years in the State penitentiary. He was also ordered to pay $50 to the Alabama Crime Victims’ Compensation Fund and to pay court costs.
The appellant argues that the trial court erred in allowing the State to elicit hearsay testimony during rebuttal concerning the appellant’s reputation for drug use and for the sale of controlled substances. The record indicates that, on rebuttal, the State presented the testimony of three witnesses that they had been informed by confidential informants that the appellant had a *894 reputation for using and dealing in cocaine and controlled substances. This evidence was offered to rebut the appellant’s defense of entrapment.
The Alabama Supreme Court has recently held that “when an accused has raised the defense of entrapment, hearsay is admissible to prove predisposition only according to the customary rules of evidence.” Lambeth v. State, 562 So.2d 575, 579 (Ala.1990). The witnesses’ testimony constituted inadmissible hearsay that was clearly prejudicial to the appellant. Therefore, the judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.