McMILLAN, Judge.
The appellant was charged in a two-count indictment with unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. He was found guilty on both counts and was sentenced to five years in the state penitentiary. He was also ordered to pay a $5,000 fine.
I
The appellant contends that the trial court erred in allowing the State to elicit hearsay testimony alleging that he had previously dealt in drugs and that his place and type of employment had a reputation for dealing in drugs. The appellant was employed at the “Warehouse Club” as a bouncer.
The record indicates that during the State’s case-in-chief, Alcohol Beverage Control agent, A1 Gardner, testified that he had been informed by patrons of the Warehouse Club that the appellant had a reputation for dealing in cocaine. Another police officer testified that he had received information that the bouncers at the Warehouse Club had been engaged in the sale of cocaine and also that they had been involved in some assaults outside the club. The testimony of both officers was offered after the appellant’s counsel stated, during his opening argument, that he would be asserting the defense of entrapment.
Based upon the authority of Lambeth v. State, 562 So.2d 575 (Ala.1990), the admission of the aforementioned highly prejudicial evidence, over timely objection, requires a reversal of the judgment and remand of this case for a new trial. Lam-beth concerned the admission of testimony by officers that a particular nightclub had the reputation for being a place where cocaine was sold. Because Lambeth was found at that nightclub and because of the repeated references by the prosecution to this fact, this Court concluded that “this *1054 illegal evidence might have unlawfully influenced the petit jury’s verdict” and ordered a reversal and remand. Lambeth, 562 So.2d at 575.
On certiorari review, the Supreme Court reached the same conclusion in affirming the decision of this Court but approached the case from a different angle, addressing the issue of whether hearsay evidence can be admitted to establish predisposition when the defendant has raised the defense of entrapment. The Supreme Court concluded that “when an accused has raised the defense of entrapment, hearsay is admissible to prove predisposition only according to the customary rules of evidence.” Lambeth, 562 So.2d at 579. The Court relied upon the decision in United States v. Webster, 649 F.2d 346 (5th Cir.1981). In that decision, the Fifth Circuit, en banc, determined that hearsay evidence was inadmissible. The hearsay in Webster concerned the reputation of the defendant in particular, rather than the club wherein the defendant was apprehended. Our Supreme Court saw no relevant distinction between the two and found the reasoning in Webster dispositive of the issues in Lambeth, overruling Sullivan v. State, 527 So.2d 775 (Ala.Cr.App.1988), and Jackson v. State, 384 So.2d 134 (Ala.Cr.App.1979), writ quashed, 384 So.2d 140 (Ala.1980).
Recently, this Court has applied Lam-beth in reversing a judgment in a case in which an individual was convicted of one count of unlawful distribution of a controlled substance. See Haynes v. State, 574 So.2d 893 (Ala.Cr.App.1990). In Haynes, the State was allowed by the trial court to elicit hearsay testimony during rebuttal concerning the appellant’s reputation for drug use and for the sale of controlled substances.
The evidence in the instant case is similar to that presented in Haynes and Lambeth. As mentioned earlier, one police officer was allowed to testify as to hearsay statements concerning the appellant in particular and any propensity he may have had for dealing in drugs. Additionally, another witness was allowed to testify as to the reputation of the club where the appellant worked and its bouncers, which appellant was, for drug use. Both of these types of testimony are clearly within the parameters of Haynes and Lambeth and are, therefore, inadmissible.
Based on the foregoing, we pretermit discussion of all other issues raised by the appellant.
REVERSED AND REMANDED.
All Judges concur.