KENNETH A. CROSSMAN *vs.* BURNLEY S. THURLOW.

Essex. May 8, 1957. — June 27, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Assault. Public Officer.*

Liability for unjustifiable assault and battery was established in an action by the facts that while the plaintiff, a law enforcement officer of the department of natural resources, was lawfully on private premises in his official automobile and in uniform in the performance of his duties, the defendant, the husband of the owner of the premises, "angrily ordered him off the premises" and stated that if he did not leave the defendant would "throw him out bodily" and "was going to get him and that car off the property," and thereupon deliberately drove an automobile three times into the rear of the official automobile and caused injury to the plaintiff.

TORT. Writ in the Superior Court dated May 10, 1955.

The defendant appealed from an order for judgment for the plaintiff by *Morton,* J., after hearing upon the report of an auditor whose findings were to be final.

In this court the case was submitted on briefs.

*Raymond N. Evans,* for the defendant.

*Robert L. Yasi,* for the plaintiff.

WILLIAMS, J. This action of tort for assault and battery was referred to an auditor with an order that his findings be final. It was heard with *Thurlow* v. *Crossman, ante,* 248, an action by the defendant's wife against the plaintiff for

trespass. Both cases arose from the same circumstances. It appears from the auditor's report that the plaintiff, a law enforcement officer in the department of natural resources (G. L. [Ter. Ed.] c. 21, as appearing in St. 1953, c. 631, § 1), entered the premises of Irja S. Thurlow, the defendant's wife, in Newburyport on the evening of February 8, 1955, to investigate suspected illegal activities in relation to taking shellfish in the river flats below the Thurlow house. The plaintiff was in uniform and was operating an automobile furnished for his use by the department. The defendant "angrily ordered him off the premises." He explained the purpose of his presence and said that he would leave shortly, but "The defendant ordered him out of the driveway and said that if he didn't get out he was going to throw him out bodily, and that he was going to get him and that car off the property." The defendant thereupon drove his automobile three times into the rear of the automobile in which the plaintiff was seated. By the last contact the plaintiff who was then alighting from his automobile was injured. The auditor found that the defendant "deliberately assaulted" the plaintiff and assessed damages. Judgment was ordered to be entered for the plaintiff in the amount of the damages assessed and the defendant appealed.

There is no merit in the appeal. There was an intentional, hostile exercise of force to the person of the plaintiff which caused injury. *Leonard* v. *West*, 281 Mass. 244. *Farm Bureau Mutual Automobile Ins. Co.* v. *Hammer*, 177 Fed. (2d) 793, 795–796. See *Commonwealth* v. *Stratton*, 114 Mass. 303, 305. The contention of the defendant that he was justified in using force to expel the plaintiff from the premises cannot be sustained. The auditor reports the same facts which in *Thurlow* v. *Crossman* we held demonstrated that Crossman was not a trespasser. Whether the defendant was properly acting in the right of his wife or employed unreasonable force need not be discussed as his attack upon the plaintiff was unjustifiable.

*Order for judgment affirmed.*