Lanoyd B. Clark was charged by affidavit with harassment, a violation of § 13A-11-8, Code of Alabama 1975, as incorporated by § 1-9 of the Montgomery City Code. He appealed his municipal court conviction to the circuit court where he was again convicted and fined $163. Three issues are presented on appeal.
 I
The affidavit charged that Clark "did, with the intent to harass, annoy, or alarm R.A. Coccaro, strike, shove, kick or otherwise touch the said R.A. Coccaro." R.A. Coccaro, a Montgomery police officer, testified that near 8:00 p.m. on May 11, 1985, he received a disturbance call from the defendant's neighborhood. He and his partner went to the address given, talked to the complainant, and then went next door to investigate. The defendant, who appeared to be somewhat intoxicated, answered the door, said that he "did not do a fucking thing," and told the officers to leave. Coccaro, who had neither an arrest nor a search warrant, and who had not observed a public offense committed in his presence, informed the defendant that he had received a complaint from the defendant's neighbor. The defendant answered, "I am going to start some shit with him. I have got something in the house for him." Coccaro told the defendant "if he would just stay in the house the rest of the evening there would be no more problem."
The officers remained on the defendant's porch for two to five minutes, during which time they testified the defendant told them to leave several times, used profanity, and was very "combative." As Coccaro turned to leave, the defendant "grabbed" Coccaro's forearm and said, "I just dare you to go ahead and put me in jail." Coccaro then arrested the defendant for harassment.
The defendant denied that he had had an earlier confrontation with his neighbor and denied that he had been drinking on the evening in question. He stated that he asked the officers whether they had a warrant for his arrest and, when he saw that they did not, he asked them to go. He testified that he might have "touched" Officer Coccaro but he explained that he had a habit of talking with his hands.
The defendant concedes that the officers' initial entry onto his premises to investigate a complaint was legitimate. He argues, however, that without an arrest warrant or a misdemeanor having been committed in their presence, see Ala. Code, 1975, § 15-10-3, they were not entitled to remain on his premises after he ordered them to leave. Thus, he maintains that the officers were trespassers and he was justified in using reasonable force to remove them.
It is clear that "a public officer who is on the premises of another pursuant to legal authorization is not liable for trespass. Such officer becomes liable, however, where he acts in excess of his authorization." Antkiewicz v. Motorists MutualInsurance Co., 91 Mich. App. 389, 283 N.W.2d 749, 753, vacated407 Mich. 936, 285 N.W.2d 659 (1979). See generally 87 C.J.S.Trespass § 54 (1954); Restatement (Second) of Torts §§ 204-206 (1965). "When the performance of his duty requires an officer of the law to enter upon private property, his conduct, otherwise a trespass, is justifiable." Giacona v. UnitedStates, 257 F.2d 450, 456 (5th Cir.), cert. *Page 1142 
denied, 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958). "Conduct otherwise a trespass is often justifiable by reason of authority vested in the person who does the act, as, for example, an officer of the law acting in the performance of his duty." 75 Am.Jur.2d Trespass § 43 (1974). A police officer without a warrant is privileged to enter private property to investigate a complaint, Herrin v. State, 449 P.2d 674, 677, (Alaska 1969); Prahl v. Brosamle, 98 Wis.2d 130,295 N.W.2d 768, 782 (App. 1980), and as long as he acts within the scope of his authority, and he is legitimately engaged in the performance of his duties, he is not a trespasser, even if requested to leave by the property owner, State v. Cook,319 N.W.2d 809 (S.D. 1982). See also Schindelar v. Michaud,411 F.2d 80 (10th Cir.), cert. denied, 396 U.S. 956, 90 S.Ct. 426,24 L.Ed.2d 420 (1969); Crossman v. Thurlow, 336 Mass. 252,143 N.E.2d 814 (1957).
In the present case, we believe Officer Coccaro was not acting outside the scope of his authority even though he remained on the defendant's premises for two to five minutes after being asked to leave. During that brief time he was making a reasonable effort to defuse a potentially dangerous dispute, or, as he testified, he was "attempting to keep the peace between neighbors." Compare Ala. Code, 1975, § 15-6-1
("The Sheriff is the principle conservator of the peace in his county"); Alexander v. State ex rel. Carver, 274 Ala. 441, 444,150 So.2d 204, 206 (1963) ("a policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws").
While we specifically hold that the officers committed no trespass, we note the fact that the defendant did not accost Coccaro until after Coccaro and his partner had turned to leave undercuts his claim that he was merely using reasonable force to repel a trespasser.
 II
The defendant contends that the court erred in overruling his motion in limine to prohibit the prosecution from referring to the complaint made against the defendant by his neighbor. The motion was properly overruled and the officer allowed to testify that, having received a disturbance call from the defendant's neighbor, he went to the defendant's residence to investigate. The fact of the complaint explained the officer's presence at the defendant's house, see Dent v. State,423 So.2d 327, 328 (Ala.Cr.App. 1982); Cory v. State, 372 So.2d 394, 399
(Ala.Cr.App. 1979), and was not offered to prove the truth of the matter asserted, Crews v. State, 375 So.2d 1291, 1294
(Ala.Cr.App. 1979). It was not, therefore, hearsay. Ex parteBryars, 456 So.2d 1136, 1138 (Ala. 1984).
 III
The prohibition against harassing physical contact in § 13A-11 (a)(1)a, applies to actions directed against a police officer and is not unconstitutionally vague. See Crook v.State, 469 So.2d 690 (Ala.Cr.App. 1985) (defendant shoved a police officer who was trying to execute a search warrant).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.