Farrell Lewis Lambeth was indicted for the unlawful selling, furnishing or giving away of cocaine in violation of § 20-2-70, Code of Alabama 1975. He was found guilty of selling cocaine and sentenced to 10 years in prison. The appellant was ordered to serve one year of the sentence and the remainder of the sentence was to be suspended for five years.
The State's evidence indicated the following: Jerri Scott was working as an undercover operative for the Mobile County Sheriff's Department. She was instructed by Deputy Jim Long of the Narcotics Division to make a drug buy at a club called "The Sports Event". She first went to the club on September 24, 1986, with another undercover operative named Ann Delmas. Scott testified that the appellant and another man approached their table and they started talking. She stated that she asked him where she could get some cocaine and the appellant told her he could get her some the next night. The Sheriff's Department had her under surveillance. Scott testified that the appellant left the club to get some cocaine. When he returned, they walked to Scott's car and she paid him $100 for the cocaine. She denied ever putting her hand on the appellant's thigh.
The appellant's defense was based on entrapment and his evidence indicated the following: The appellant went to the club three to five times a week. One evening, he and a friend approached Jerri Scott and another woman. He testified that Scott asked him if he smoked marijuana and he responded that he did not. He testified that he saw them at the club again one to two weeks later and that he slow danced with Scott's friend, Ann Delmas. He testified that Ann Delmas brought up the subject *Page 574 
of drugs. The appellant stated that, after he danced with Delmas, he went to the restroom and the two women were gone when he returned. He testified that he saw Jerri Scott alone at the club a week or ten days later and she brought up the subject of drugs. He further testified that she told him about a birthday party at another club that took place a few days earlier where they were passing out cocaine. The appellant stated that she asked him if he could get her some cocaine. He testified that he told her he could not get her the cocaine and she leaned over and placed her left hand on his right thigh. The appellant then saw an acquaintance who was rumored to sell drugs and he told Scott that he would talk to someone about getting her the cocaine. The appellant rode with the acquaintance to pick up some cocaine. He testified that his acquaintance handed him the cocaine when they entered the club. The appellant further testified that when he walked in, Scott stood up and he followed her out the door. She gave him $100 for the cocaine and told him she would be back to party after she picked up a friend. After she left, he went back into the club and brought the acquaintance the money.
 I
The appellant raises two evidentiary issues on appeal. This court need not review the second issue because it was not properly preserved for review. See Baker v. State,477 So.2d 496 (Ala.Crim.App. 1985), cert denied, 475 U.S. 1029,106 S.Ct. 1231, 89 L.Ed.2d 340 (1986); Gwin v. State, 425 So.2d 500
(Ala.Crim. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). The appellant contends that the trial court improperly allowed the prosecutor to elicit testimony from a law enforcement officer that, prior to the offense charged, he had received information that drugs were being sold at The Sports Event Club.
During his examination of Deputy Long, the prosecutor asked, "And, officer, if you could tell the jury why you targeted these nightclubs and more specifically, what the reasons were for setting up in The Sports Event Club?" (R. 51).
Defense counsel made a proper objection and the court stated, "We don't need any argument, Mr. Lambeth — Mr. Ramey. I'm not going to let him go into a bunch of detail, because I'm going to let him tell why he targeted nightclubs — I believe that was part of your objection. I overrule your objection." (R. 51).
Defense counsel then moved the court for a limiting instruction which was denied. The witness then responded, "I was in the process of doing investigations on the club and received, on numerous occasions, information —" (R. 52). Defense counsel again made a proper objection which was overruled. The witness then testified, "During my course of investigation, I learned that these particular clubs I had more or less targeted, were clubs that were selling drugs out of these clubs." (R. 52).
The witness testified that he was talking about the customers and not the people who ran the clubs. Defense counsel again objected. The trial court then stopped any further testimony on this issue from the witness.
The following occurred during the State's cross-examination of the appellant:
 "Q. Mr. Lambeth, you said you frequented The Sport Club on quite a number of occasions; isn't that correct?
"A. Yes, sir.
 "Q. And isn't it a fact that cocaine is notoriously sold in the confines of The Sports Club?" (R. 89).
Defense counsel then made a proper objection which was overruled. The appellant then answered that he "really wouldn't know." (R. 90).
The buying and selling of cocaine at the club was brought up again during the State's closing argument when the prosecutor stated, "Why was she even there? What was her purpose? What was her job description? You heard her supervisor testify, Officer Jim Long, of the Sheriff's Department — Officer Long, why did you set up this particular location? That location is known forthe sale of marijuana and cocaine." (R. 119) (emphasis added). Defense counsel again made a proper objection. *Page 575 
The court then instructed the jury that the court could not decide what the evidence was or comment on the evidence and that, if the prosecutor was arguing something that was not evidence, the jury should disregard the statements. The prosecutor further stated during his closing argument, "Officer Long told you that this club was under the target of his investigation because of sells (sic) going on out of that establishment." (R. 120). Defense counsel again objected and moved for a mistrial, which was denied.
Deputy Long's testimony concerning the sale of drugs at the club was based on information he had received and, therefore, was technically hearsay testimony. "Testimony is not inadmissible hearsay evidence when it is not submitted to prove the truth of the matter asserted. Although it is in truth and in fact hearsay, it is not inadmissible as such." Cory v.State, 372 So.2d 394, 399 (Ala.Crim.App. 1979). See also Clarkv. City of Montgomery, 497 So.2d 1140 (Ala.Crim.App. 1986);Tillis v. State, 469 So.2d 1367 (Ala.Crim.App. 1985); Adams v.State, 459 So.2d 999 (Ala.Crim.App. 1984).
The testimony of a law enforcement officer concerning information received from another source is generally admissible when it is offered to provide some explanation for the officer's subsequent actions and not to prove the truth of the matter asserted therein. Clark. (Officer's testimony concerning a disturbance call from defendant's neighbor was admissible to explain the officer's presence at defendant's house and not the truth of the matter asserted); Adams, (Officer's testimony concerning the details of a police radio dispatch was admissible to explain his subsequent actions in locating the accused); Dent v. State, 423 So.2d 327
(Ala.Crim.App. 1982) (Officer's testimony concerning radio dispatch was admissible to show why he stopped and arrested defendant).
It appears from the trial court's ruling that the testimony was initially admitted for the limited purpose of explaining Jerri Scott's presence at The Sports Event, although no limiting instruction was given at that time. The State later referred to this testimony as a proven fact during the cross-examination of the appellant. Furthermore, during his closing argument, the prosecutor referred to the testimony as if it were proof of the matter asserted therein. The trial court instructed the jurors that they had to decide whether or not this constituted evidence. This allowed the jury to treat the evidence as proof of the fact that drug sales were being made at the club. The testimony could have been considered by the jury as evidence that the appellant frequented a club where the sale of drugs was a regular occurrence and could have affected the jury particularly in reference to the entrapment defense on the issues of predisposition and government persuasion. We have carefully reviewed the entire record and find that the challenged testimony, therefore, was offered to prove the truth of the matter asserted and was inadmissible hearsay evidence.
Because of the repeated references by the prosecution to these facts and, upon consideration of the above, we find that this illegal evidence might have unlawfully influenced the petit jury's verdict. See Ex parte McCrary, 500 So.2d 1201
(Ala.Crim.App. 1986); Hubbard v. Alabama, 408 U.S. 934,92 S.Ct. 2851, 33 L.Ed.2d 747 (1972).
For the reasons shown, the judgment of the trial court is reversed and the cause remanded for another trial.
REVERSED AND REMANDED.
All the Judges concur.