TYSON, Judge.
Charles K. Steele was indicted for receiving, retaining, or disposing of stolen property, in violation of § 13A-8-17, Code of Alabama, 1975. He was found “guilty as charged in the indictment” and was sentenced to 15 years in prison as a habitual offender. On appeal, he contends that the trial court erred in allowing a police officer to testify that an individual who allegedly *679 participated in disposing of the stolen property at two pawn shops had a reputation for being a drug dealer. We agree.
The pertinent parts of the record reveal the following: Several items of jewelry were stolen from Marcia Weinaker. The manager of Vernon’s Pawn Shop identified some of the jewelry as merchandise that he either purchased or took in on a pawn. He testified that Mac McMillan handed him the merchandise that was to be pawned. The appellant was with McMillan. The appellant signed a statement that he was the rightful owner of the property and provided the pawn shop manager with identification. The appellant authorized Larry Jackson to retrieve the merchandise. The manager then gave the appellant the money for the jewelry. The two men returned later that day and the pawn shop purchased more of the jewelry. The appellant again provided identification. The manager testified that both men stood at the counter during the negotiations and the transactions.
The manager of First Federal Gold and Silver Exchange also identified some of the stolen jewelry. He testified that the jewelry had been pawned by the appellant. He also testified that he did not remember anyone being with the appellant and that he dealt only with the appellant.
The appellant testified that he took an individual named Larry Jackson to the pawn shops. He testified that he was not involved in the negotiations. He stated that when the pawn shop employee asked the other individual for identification, “he hit his pocket as if he was going to get his wallet, and it wasn’t there, so he just immediately turned to me. And without thinking, I gave the man — he asked me for identification. And that’s what I did without thinking.” (R. 138). He testified that the second transaction at Vernon’s Pawn Shop and the transaction at First Federal Gold and Silver Exchange occurred in substantially the same way.
During the State’s cross-examination of Mobile Police Officer Pat Robertson, he testified that the appellant lived less than two blocks away from Mac McMillan. He was then allowed to testify, over objection, that Mac McMillan was “very well known to be a drug dealer in that area.” (R. 164).
“Before evidence may be considered by a jury, it must fulfill certain minimum requirements of admissibility, including that of relevancy.” Jennings v. State, 513 So.2d 91, 97 (Ala.Crim.App.1987); Dawkins v. State, 455 So.2d 220 (Ala.Crim.App.1984).
“ ‘Evidence, to be competent and admissible, must be relevant. That is to say, evidence must tend to prove or disprove the issues before the jury. The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. It is therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy.’ ”
Dennard v. State, 405 So.2d 408, 410 (Ala. Crim.App.1981) (quoting, Hill v. State, 366 So.2d 296, 314 (Ala.Crim.App.1978), affd, 366 So.2d 318 (Ala.1979)) (citations omitted). See also Jennings; Trawick v. State, 431 So.2d 574 (Ala.Crim.App.1983).
The reputation of Mac McMillan was totally irrelevant. Such evidence did not tend to prove or disprove the main inquiry of the case. See Jennings; McLeod v. State, 383 So.2d 207 (Ala.Crim. App.1980). The character of a third party, who is not a witness in the trial, is ordinarily beyond the issues of the trial and is, thus, irrelevant and inadmissible. Baker v. State, 35 Ala.App. 596, 51 So.2d 376, cert, denied, 255 Ala. 335, 51 So.2d 381 (1951); Rollings v. State, 160 Ala. 82, 49 So. 329 (1909). We find that the trial court erred in allowing this testimony.
The State contends that evidence of Mac McMillan’s reputation was properly admitted because the character of the person from whom stolen goods are received has probative value in such a case. The State’s argument is flawed in three respects. First, a review of the evidence reveals that the State’s theory of the case *680 was not that the appellant received stolen property from Mac McMillan, but that the appellant was an integral part of the transactions at the pawn shops and was already in possession of the property at that time. Even if the State’s case indicated that the appellant received the stolen property from McMillan, evidence of McMillan’s reputation was not admissible. Even though the reputation of the person from whom the accused received the stolen property may be admissible, such evidence is not admissible until it is shown that the accused knew of such reputation. Baker. There was no evidence presented to positively show the appellant’s knowledge of McMillan’s reputation. Furthermore, even if the appellant had received the stolen property from McMillan and the State complied with Baker, McMillan’s reputation as a drug dealer was not relevant to the charge.
We find that this illegal evidence was highly prejudicial to the appellant and might have unlawfully influenced the jury’s verdict. See Ex parte McCrary, 500 So.2d 1201 (Ala.1986); Lambeth v. State, 562 So.2d 573 (Ala.Crim.App.1989), aff'd, 562 So.2d 575 (Ala.1990).
In light of the foregoing, we find it unnecessary to review those other issues raised by the appellant. For the reasons set forth above, the judgment of the trial court is reversed and the cause remanded for another trial.
REVERSED AND REMANDED.
All the Judges concur.