MONTIEL, Judge.
The appellant, Patrick Bell, was charged in three indictments, each charging him with first degree theft of property and first degree receiving stolen property. (CC-91-137, CC-91-138, and CC-91-139). The appellant pleaded guilty to the charge of receiving stolen property in each case, and the State nol-prossed the theft charges. The appellant was sentenced to 10 years in the state penitentiary and was ordered to pay $150 to the victim’s compensation fund, courts costs, attorney fees, and restitution.
The only issue raised on appeal is whether the trial court erred by denying the appellant’s motion to suppress. At the suppression hearing, the State’s evidence showed that on November 7, 1990, Officer J.L. Pace, of the Montgomery Police Department, was dispatched to 2643 W. Edge-mont. The police had received an anonymous telephone call that several black males were in the backyard of that address disassembling a possibly stolen vehicle. Officer Pace was dispatched to the address and parked his automobile next door, where he could see into the backyard of 2643 W. Edgemont. From his position, Pace could see some objects propped up against the house. Pace walked toward the house and upon entering the backyard, saw the front clip of a vehicle, a trunk lid, fenders, and bumpers. While Officer Pace was in the yard, he heard someone in the house yell, “The police is outside.” Officer Pace then left the backyard to go to the house to get some information. Pace walked around to the front door and saw that it was open. As he opened the screen door, Pace met the appellant and several others who were attempting to leave the house. To prevent them from leaving, Pace asked the appellant and the others to step back. While standing in the opened door, Officer Pace observed boxes of car stereos all over the floor inside and, based on his experience and his observation of the activities occurring in the backyard, he believed that the stereos were stolen. There also appeared to be no furniture in the house. Officer Pace entered the house, secured the area, and called for backup.
Specifically, the appellant argues that the evidence seized in this case was obtained as a result of an illegal search. We find nothing illegal about the police officer’s search of the automobile parts in the appellant’s backyard. Clearly, a police officer may enter private property without a warrant to investigate a complaint, so long as he acts within the scope of his authority. Clark v. City of Montgomery, 497 So.2d 1140, 1141-1142 (Ala.Crim.App. 1986). In this case, the radio dispatcher had dispatched Officer Pace to the West Edgemont residence to investigate a complaint that several black males were disassembling a vehicle. Officer Pace went to this address and entered the appellant’s backyard to investigate this tip. Officer *1169 Pace was acting within the scope of his authority in responding to the dispatch.
Furthermore, “what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Katz v. United States, 389 U.S. 347 at 351, 88 S.Ct. 507 at 511, 19 L.Ed.2d 576. (1967)” Tidwell v. State, 496 So.2d 109, 114 (Ala.Crim. App.1986). No Fourth Amendment violation occurred here because Officer Pace observed items leaning against the appellant’s house from his position on the street. The objects in the appellant’s backyard were not concealed by a fence or shrubbery. The objects were in plain view for Officer Pace to see and were not protected objects under the Fourth Amendment.
Additionally, there was probable cause to search the appellant’s backyard for the automobile parts, thus making the search legal. The Supreme Court of the United States has clearly defined probable cause to search as “a fair probability that contraband or evidence of a crime will be found in a particular place.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). In Gates the Supreme Court dealt with a search and seizure issue that involved a tip given to police by an anonymous informant. In determining whether there was sufficient probable cause, the court adopted a “totality of the circumstances” test. The Gates court held that anonymous tips may establish probable cause when corroborated by independent police investigation. Gates, 462 U.S. at 241, 103 S.Ct. at 2334.
In this case, an anonymous caller contacted the police department, stating that three black males were disassembling a possibly stolen vehicle in a backyard. Officer Pace was dispatched to the appellant’s address. Pace testified that he went to the residence looking for automobile parts. During his investigation of the appellant’s backyard, Pace found various automobile parts scattered around. Pace’s independent actions verified and corroborated the tip received from the anonymous caller. This was a legal and valid search based upon sufficient probable cause. Clearly, there was, at least, a fair probability that contraband or criminal evidence would be uncovered.
The entry into the appellant’s house was also justified. At trial, Officer Pace testified that when he approached the front door and opened the screen door, the appellant and several others attempted to leave. Based upon the exigent circumstances of the situation, Officer Pace was within his rights to order the individuals back into the house and to enter the house himself. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Clearly, it was possible that the appellant and the others in the house might remove the incriminating evidence in the backyard had the police officer left to get a search warrant. Officer Pace’s entry into the house was justified based upon exigent circumstances.
The appellant also contends that the seizure of the car stereos inside the house was illegal and that this evidence should have been suppressed. The Supreme Court of the United States has held that probable cause is required to invoke the “plain view”' doctrine and that law enforcement officials must have probable cause to believe the objects seized were stolen items. Arizona v. Hicks, 480 U.S. 321, 325-327, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987). The Hicks court found that the police officers in that case had only “reasonable suspicion” to believe that the stereo equipment was stolen and that anything less than probable cause was insufficient. We believe that there was sufficient probable cause in this case for Officer Pace to believe that the car stereos were stolen. This holding is based on facts that we believe are distinguishable from the facts in Hicks.
In Hicks, a bullet was fired through the floor of the defendant’s apartment, striking and injuring a man in the apartment below. Police officers arrived and entered the defendant’s apartment to search for the shooter, for victims, and for weapons. While in the apartment, officers noticed two sets of expensive stereo components. Suspecting that the components were sto *1170 len, the officers read and recorded the serial numbers. The officers had to move some of the equipment to read and record the numbers. When the serial numbers were recorded, the police telephoned in the numbers to headquarters. Upon learning that some of the equipment had been taken in an armed robbery, the officers immediately seized that equipment. Later, a search warrant was obtained and executed to seize the other equipment also.
In the present case, Officer Pace was dispatched to the appellant’s residence to investigate possibly stolen automobile parts. Pace testified that his initial investigation of the appellant’s backyard uncovered various automobile parts, including a front clip, a hood, bumpers, and fenders. Officer Pace heard someone inside the house yell, “The police is outside.” Pace went to the front door of the appellant’s house to further investigate. Pace noticed that the front door was open and, as he opened the screen door, the appellant and several others tried to leave the house. Officer Pace ordered the appellant back into the house. While standing in the front door, Pace stated that he could see boxes of car stereos scattered on the floor of the appellant’s house. Pace further noted that the house appeared to otherwise be empty. At trial, Officer Pace testified that, based on his experience and his observation of the other automobile parts in the backyard, the appellant was either storing stolen car stereos in the house or “chopping” cars there. Pace secured the area and called for backup.
In Hicks, while the police officers were investigating a shooting, they made a war-rantless entry into the defendant’s apartment based upon exigent circumstances. While in the defendant’s apartment, the police uncovered something totally unrelated to their original investigation. In this case, Officer Pace was dispatched to the appellant’s address to investigate a report of the disassembly of an automobile in a backyard. Officer Pace discovered parts of a automobile in the appellant’s backyard. Pace then proceeded to the appellant’s house to further investigate this matter. As he looked into the front door which was already opened, Pace observed the appellant and others attempting to leave. There was no furniture in this house; however, there were boxes of car stereos scattered all over the floor. Based on his past experience and his observations, Pace believed he had discovered some type of ongoing criminal activity involving stolen automobile parts. The trial court correctly denied the appellant’s motion to suppress.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.